523 A.2d 806

**Rita DEEMER**

v.

**Donnamarie OROS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1987.

Filed April 6, 1987.

William T. Renz, Doylestown, for appellant.

Dean P. Arthur, Doylestown, for appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order granting a new trial on the issue of damages. Appellant contends that (1) the release from liability executed by appellee was admissible at trial because it was not within the scope of 42 Pa.C.S.A. § 7101; and (2) appellee waived any right to challenge the release because she retained the settlement benefits. For the reasons that follow, we reverse the order granting a new trial and enter judgment on the jury's verdict.

On December 7, 1982, at approximately 11:00 p.m., appellant and appellee were involved in an automobile accident. Appellee was taken to a hospital emergency room where she was x-rayed and treated for various cuts and bruises. N.T. April 29, 1986 at I-21. She left the emergency room at about 4:00 a.m. *Id.* at I-22. On December 13, 1982, six days after the accident, an adjuster employed by the company that insured appellant went to appellee's home and obtained a release from liability in return for $2,100. In November, 1984, appellee filed this negligence action against appellant. The jury returned a verdict in favor of appellant because it found that the release was valid and not a product of fraud. Appellee filed a post-verdict motion requesting a new trial. The lower court granted appellee's motion and ordered a new trial on the issue of damages.[1] This appeal followed.

Appellant first contends that a release from liability is not inadmissible under 42 Pa.C.S.A. § 7101 if the release was not obtained while the releasor was confined to a hospital or sanitarium. Section 7101 provides the following:

1. The jury determined that appellant was negligent but that the release from liability was valid. Thus, damages would be the only remaining issue in a new trial in this case.

**(a) General rule.—**

(1) No person whose interest is or may become adverse to a person injured who is confined to a hospital or sanitarium as a patient shall, within 15 days after the date of the occurrence causing the injury to such patient:

(i) Negotiate or attempt to negotiate a settlement with such patient.

(ii) Obtain or attempt to obtain a general release of liability from such patient.

(iii) Obtain or attempt to obtain any statement, either written or oral, from such patient for use in negotiating a settlement or obtaining a release.

(2) Any settlement agreement entered into, any general release of liability or any written or oral statement made by any person who is confined in a hospital or sanitarium after he incurs a personal injury, which is not obtained in accordance with the provisions of subsection (b) shall not be admissible in evidence in any matter relating to the injury and shall not be utilized for any purpose in any matter in connection therewith.

(3) Where a person is injured and confined as a patient to a hospital or sanitarium due to such injuries, no attorney shall, during the first 15 days of the confinement of such patient, enter or attempt to enter into an agreement relating to compensation wholly or partly on a contingent basis with such patient in connection with his injuries.

**(b) Exception.—**Subsection (a) shall not apply if at least five days prior to obtaining the settlement, release, statement or contingent fee agreement, the injured person has signified in writing, by a statement acknowledged before a notary public who has no interest adverse to the injured person, his willingness that a settlement, release, statement or contingent fee agreement be given or entered into.

42 Pa.C.S.A. § 7101.

The lower court held that the release was inadmissible because it was obtained within fifteen days of the accident and appellant had been hospitalized for a part of the fifteen days. The court relied on the reasoning expressed in *Mar-*

*shall v. Powers*, 75 Pa.D. & C.2d 416 (C.P.Phila.1975), *aff'd per curiam*, 240 Pa.Superior Ct. 729, 360 A.2d 230 (1976), *vacated on other grounds*, 477 Pa. 306, 383 A.2d 946 (1978). In *Marshall*, the trial court interpreted the predecessor to 42 Pa.C.S.A. § 7101,[2] which contained substantially similar language to § 7101. The court concluded that:

> When the nature of the injuries involved compel confinement in a hospital for a minimum period of time to treat serious injuries, the legislature chose a period of 15 days "from the date of the occurrence causing the person's injury," . . . "during the first fifteen days of confinement" to invoke the terms of the statute, and it seems to us that the 15–day period under subsection (a) can run whether the person is actually confined to a hospital or not, so long as there was a minimum confinement to a hospital initially.

*Marshall v. Powers, supra* at 420. This Court affirmed by per curiam order. In *Marshall*, however, the court need not have reached this issue because the court initially concluded that the release had been signed while the plaintiff was in the hospital.[3] *Id.* at 417–18, 419. Even if we are bound by our per curiam affirmance of this case,[4] we are not bound by the court's interpretation of the statute because that part of the court's opinion was dictum. *See In re Cassell's Estate*, 334 Pa. 381, 384, 6 A.2d 60, 61 (1939).

Since *Marshall*, none of our courts has addressed this precise issue. Therefore, our task is to interpret the statute. When words of a statute are not explicit, the Legisla-

2. The predecessor to 42 Pa.C.S.A. § 7101 is 12 P.S. § 1630 (repealed 1978).

3. The accident occurred on December 10, 1972, and the release was dated December 18, 1972. *Marshall v. Powers, supra,* at 417. The plaintiff stated in her answer to the defendant's motion to strike that the release was taken within fifteen days of the accident and at a time when she was hospitalized. *Id.*

4. Our Supreme Court has held that a per curiam affirmance by the Supreme Court of a Superior Court opinion does not constitute an adoption of the Superior Court's reasoning. *See Pennsylvania Eng'g Corp. v. McGraw-Edison Co.,* 500 Pa. 605, 611 n. 5, 459 A.2d 329, 332 n. 5 (1983). We would apply this principle equally when the Superior Court affirms a trial court opinion by per curiam order.

ture has directed that their intent may be ascertained by considering various factors surrounding the enactment of the statute. 1 Pa.C.S.A. § 1921(c). When the words are clear and free from ambiguity, however, the letter of the statute should not be disregarded under the pretext of pursuing its spirit. *Id.* § 1921(b).

Here, the relevant words of the statute are clear and free from ambiguity. Webster's Third New International Dictionary defines "confine" as "to hold within bounds," or "to keep from leaving accustomed quarters under pressure of infirmity, childbirth, detention, [or] business reasons." We need not reach the question whether one who was confined to a hospital or sanitarium for some period following an accident and who signed a release within fifteen days of the accident but at a time when he or she was no longer in the hospital falls within the protection of § 7101 because here appellant was never "*confined* to a hospital or sanitarium as a patient." 42 Pa.C.S.A. § 7101(a)(1) (emphasis added).

At trial, appellant testified that she was in the hospital emergency room for several hours in the early morning following the accident. She was not admitted to the hospital as a patient, but instead, was treated in the emergency room and then sent home. While she was at the hospital she was free to leave at any time. Her injuries were not so severe as to prevent her from leaving the emergency room. On review of these facts, we conclude that she was not confined to the hospital as a patient within the plain meaning of the statute.[5] *But see* Justice Larsen's dissent in *Marshall v. Powers*, 477 Pa. 306, 309–310, 383 A.2d 946, 948 (1978) (LARSEN, J., dissenting) (one who appears at hospital for treatment or checkup as result of injury and remains until released or discharged has been confined for purposes of [the predecessor to 42 Pa.C.S.A. § 7101]).

Accordingly, the lower court erred in holding that the release is inadmissible under § 7101, and we reverse the

---

5. Because of our disposition of appellant's first contention, we need not reach her second contention.

order granting a new trial and enter judgment on the verdict for appellant.

Order reversed; judgment entered for appellant.