522 A.2d 614

**COMMONWEALTH of Pennsylvania**

v.

**Robert LOWE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed March 6, 1987.

344

John R. Carroll, Philadelphia, for appellant.

Cheryl A. Ondechek, Assistant District Attorney, Lancaster, for Com., appellee.

Before CAVANAUGH, WICKERSHAM and McEWEN, JJ.

McEWEN, Judge:

Appellant has undertaken this appeal from the judgment of sentence imposed after he pleaded guilty to one count of criminal solicitation to commit forgery, 18 Pa.C.S. §§ 902, 4101, and one count of false reports to law enforcement officers, 18 Pa.C.S. § 4906(b). He was, as a result, sentenced to serve a term of imprisonment of from one year to five years less one day for the offense of criminal solicitation, and to a concurrent term of imprisonment of from one year to two years for filing the false report. Both offenses arose from the same incident and, until the time that appellant engaged in this criminal behavior, he had been a

law abiding citizen and had served for twenty-eight years as a state policeman. The sentencing court declared in the expression of reasons for the sentence that the fact that appellant was a police officer was an aggravating factor under the guidelines.[1] We disagree and, accordingly, vacate the judgment of sentence and remand the case to the sentencing court.

The record reflects that appellant entered into a counterfeiting scheme with individuals to whom he delivered $27,000, and his brother-in-law delivered an additional $8,000. The individuals to whom appellant and his brother-in-law delivered the $35,000 had tricked appellant into believing that an elaborate bleaching process would enable counterfeit bills to be made from real currency. It serves no purpose to specifically describe the counterfeiting process by which appellant was duped except to describe it as bizarre. When the bogus counterfeiters absconded, appellant filed a report with the local police that the sum of $35,000 had been stolen from his brother-in-law. Following an investigation, appellant was charged with the criminal solicitation of his brother-in-law in the counterfeiting scheme, and with filing a false report of the theft of $35,000.

The contention that the sentencing court improperly considered appellant's position as a state policeman as an

1. The trial court, in placing upon the record the reasons for the sentence imposed, stated:

It seems to me that it boils down to this. The final criteria is that a lesser sentence would depreciate the seriousness of the crime of the defendant. And I think that a lesser sentence would depreciate the seriousness of the crime because of your status as a police officer.

\* \* \* \* \* \*

Now, I want to make this clear for the record, what I consider to be the crux of this case, and that is that Mr. Lowe here was a state trooper for more than 20 years or more than 30.

\* \* \* \* \* \*

In fact, he rose to the rank of a sergeant there. As I consider the sentencing guidelines, which I am obliged to do, I think the fact that you were a police officer is an aggravating factor under the guidelines. In your role as a police officer, you were to have set the example, you were to be—your conduct was to be exemplary, maybe not perfect, because none of us are certainly perfect, but at least exemplary. And in the language of today's—language we use today is I guess I would say you should have been a role model.

aggravating factor presents a most troubling issue. The transcript of the sentencing proceeding reflects the extended and careful deliberation that the eminent sentencing judge had provided, as is his custom, to his determination of the sentence to be imposed. Nonetheless, while we emphatically reject the assertions of appellant that the sentencing judge failed to adequately consider the factors that would call for a sentence to a term of probation, and that the court gave undue emphasis to the criteria which call for a sentence of confinement[2], we are constrained to remand the case to the sentencing court because we do not agree that the fact that appellant was a police officer can be considered as an aggravating factor under the circumstances of this case.[3]

We here consider the case of an offender who, the prosecution does not dispute, led a law abiding life that had included the completion of twenty-eight years of service to the Commonwealth during which he had attained the rank of Sergeant of the Pennsylvania State Police, a law abiding life which was abruptly halted when he engaged in the criminal conduct to which he entered a plea of guilty.

The ancient admonition that the punishment must fit the crime was long ago rejected in this Commonwealth.

At one time, sentencing by a court after a finding of guilt was purely ceremonial, since there was but one penalty at

2. The sentencing judge concluded that appellant was of a mind that the $35,000 would produce counterfeit currency totalling $3,500,000. There is some, but by no means a certain, basis for this conclusion. Other portions of the record, including the affidavit of arrest, indicate the object of the scheme was to produce counterfeit currency that would double the $35,000 contribution of appellant. Appellant asserts this finding of the court was incorrect and that the sentence was thereby illegal. While, as we have noted, the record is far from clear, we are unable to state with certainty that the finding of the court was incorrect. In any event, however, we are convinced that this finding by the sentencing court was not a principal factor in the nature and terms of the sentence selected.

3. The facts of this case must be distinguished from those situations where "the defendant abused his position of trust, public office, or fiduciary obligation to facilitate the commission of the offense." 204 Pa.Code § 313.1(e).

law for any given crime. However, during the nineteenth century ... the practice of discretionary sentencing began.... [and] ... soon became an integral part of judicial procedure; the sentencing court had increasing discretion in its choice of sentence. This development reflected the move toward individualized sentencing, which attempted to rehabilitate, as well as to punish the offender.

The indeterminate sentence won early recognition in Pennsylvania. The Act of June 19, 1911, P.L. 1055 § 6, as amended, 19 P.S. § 1057 (1964).

\* \* \* \* \* \*

The Legislature reinforced [the indeterminate sentencing] provisions by allowing suspension of sentence and probation, at the sentencing court's discretion, in all but the most serious crimes. Act of June 9, 1911, P.L. 1055, § 1, as amended, 19 P.S. § 1051 (1964). The court has the power to use this sentencing alternative where:

> ... *the said court believes that the character of the defendant* and the circumstances of the case (are) such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law.... [emphasis supplied].

*Commonwealth v. Martin,* 466 Pa. 118, 128–129, 351 A.2d 650, 655–656 (1976) (footnotes omitted).

More recently, the legislature has provided that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Moreover, our Supreme Court has instructed that in selecting a sentence in accordance with Section 9721 of the Sentencing Code, "[a]t least two factors are crucial ... the particular circumstances of the offense and *the character of the defendant." Commonwealth v. Martin, supra,* 466 Pa. at 133, 351 A.2d at 658 (emphasis supplied). *Accord: Commonwealth v. Riggins,* 474 Pa. 115, 133 n. 24, 377 A.2d 140, 149 n. 24 (1977);

348

*Commonwealth v. Holler*, 326 Pa.Super. 304, 307, 473 A.2d 1103, 1105 (1984); *Commonwealth v. Weldon*, 320 Pa.Super. 102, 105, 466 A.2d 1082, 1083 (1983); *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 196, 422 A.2d 894, 896 (1980).

 It is in light of these pronouncements by the Legislature and the courts of this Commonwealth that we must examine the challenge of appellant to the court's statement of reasons for the sentence imposed. Even those philosophers who assert that virtue is its own reward would concede that a blameless life, whatever the calling or career or pursuit of the offender, is a most compelling favorable factor for the court to consider as it undertakes its assessment of the character of the offender. Thus, the fact that appellant had been a police officer should not have been considered an aggravating factor in the selection of sentence. Rather, the law abiding life that appellant had led for his fifty-one years should have been every bit as much a mitigating factor for appellant as it would have been for an offender who had pursued a career or profession other than government or public service.[4]

Moreover, the Old Testament tells us that the fallen angels suffered most from the torture of their fall from glory and plummet from grace, beset with the constant and unyielding knowledge of abandoned magnificence, and consumed with the certainty that what was once can no longer be. And, of course, the higher the ascent, the sharper the fall,—the more precious the gift, the more shameful its loss.

4. We also note that the sentence of from one year to two years imprisonment imposed upon the offense of filing a false report is not valid since it is in excess of the one year maximum sentence permitted by statute for misdemeanors of the third degree. *See:* 18 Pa.C.S. § 1104(3). Further, the sentencing transcript, as well as the sentencing guidelines form, incorrectly indicate that the sentencing guideline ranges for filing a false report, a misdemeanor of the third degree, 18 Pa.C.S. § 4906(B), are 0 to 12 months for the minimum range. The minimum range for misdemeanors of the third degree with a prior record score of zero is 0–6 months in the minimum range, non-confinement in the mitigated minimum range, and the statutory limit in the aggravated range, subject of course, to the provisions of Section 9756(b) of the Sentencing Code, 42 Pa.C.S. § 9756(b) (minimum sentence shall not exceed one-half of the maximum sentence). *See:* 204 Pa.Code § 303.9; *Commonwealth v. Parrish*, 340 Pa.Super. 528, 532, 490 A.2d 905, 907 (1985).

■ We, therefore, hold:

That the fact that an offender has led a lawful life free of arrest and conviction, should be a mitigating factor in the reflection which the court devotes to the selection of an appropriate sentence.

That whenever (1) an offender has led a lawful life free of arrest and conviction, and (2) the misconduct which gave rise to the offenses of which he has been convicted cannot be demonstrated to have been but one episode in a pattern of criminal conduct, and (3) the sentencing judge finds the offender has experienced a sense of shame by reason of the disgrace that he has heaped upon his calling, other individuals and himself, the sentencing judge may consider the offender as partially punished, a conclusion to be considered in mitigation of the legal punishment to be imposed—for who can deny that those punished *by* their sins suffer more severly than those punished *for* their sins.[5]

---

**5.** Nor should the sentencing court which finds evidence of shame and contrition as a mitigating factor, be precluded from such a conclusion by reason of the failure of the offender to become an informant for law enforcement agencies.

Penitence has for centuries been a factor of mitigation, and the offender who bares his soul and confesses all of his own misdeeds is entitled to quite some mitigation. However, the failure of the offender to implicate others must not be considered an aggravating factor that will serve to increase the severity of sentence. Thus, the sentencing court is free to consider the pleas of the prosecution that an offender is entitled to leniency by reason of his cooperation with the authorities. *See* 240 Pa.Code § 303.1(e). But the sentencing court should summarily reject the demands of prosecutors or agents, fancying themselves avengers, that an offender merits more severe punishment by reason of a refusal to become an informer—"... for it is upon the informer that conscience unleashes its most dreaded demons" (Mervin G. Sneath, "Conscience and Morality", April 28, 1985). Such exactions are antithetical to the very concepts of penance and punishment, and are to be banned from confessional and court alike. "In other societies law-abiding behaviour is encouraged by penalizing citizens who fail to spy on their neighbors or report infractions. Our country, thankfully, has never chosen that path. As highly as we value the directives of any criminal laws, we place their enforcement in the hands of public officers and we do not give those officers the authority to impress the citizenry into the prosecution enterprise." *Roberts v. United States,* 445 U.S. 552, 571–572, 100 S.Ct. 1358, 1369–1370, 63 L.Ed.2d 622 (1980) (Dissenting Opinion by Marshall, J.)

350

Therefore, for the reasons herein set forth, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.