525 A.2d 804

**COMMONWEALTH of Pennsylvania**

v.

**Andy AYERS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1986.

Filed May 14, 1987.

Jack E. Reagle, Public Defender, Sharpsville, for appellant.

Martha J. Duvall, Assistant District Attorney, Coudersport, for Com., appellee.

Before CIRILLO, President Judge and ROWLEY and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal by permission of the court from an interlocutory order in the Court of Common Pleas of Potter County denying the Commonwealth's motion to admit the appellant into the Accelerated Rehabilitative Disposition ("ARD") program. We affirm.

Appellant, Andy Ayers, was charged with corruption of a minor, indecent assault, harassment and furnishing liquor to a minor. Ayers persuaded the 14 year old victim to come to a beer party at 5:30 a.m. However, when she arrived she discovered the party had ended and only Ayers was present. He allegedly provided her with alcohol and stopped her when she attempted to leave. He then struck her and ripped off her top clothing, exposing her breasts. Ayers then threatened to beat her further if she did not do as he wanted. He allowed her to choose between his ejaculating inside of her or over her breasts. He felt her breasts and made her masturbate him. Ayers then masturbated him-

self and climaxed over the victim's breasts. He also reached inside her pants to feel her vagina.

After Ayers' arrest, the district attorney signed a motion proposing his admission into ARD. The Commonwealth alleged that the defendant was twenty years of age, separated from his wife, gainfully employed and that the crime was his first offense. The court held a hearing on the petition at which the district attorney stated that the victim is reluctant to testify and that her parents do not want her to testify. The trial court refused to admit Ayers into the program, citing the violent nature of his heinous and disgusting crime as the basis for its decision. Ayers then appealed to this court.

Appellant presents a single issue for our review: whether a trial court may reject a Commonwealth motion to admit a defendant into the ARD program.

In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court held that a court cannot ordinarily admit a defendant into an ARD program unless the district attorney submits the case for ARD consideration. *Id.*, 508 Pa. at 309, 495 A.2d at 935. The Court held that the decision whether to submit a case for ARD "rests in the sound discretion of the district attorney." *Id.* A trial court may not object if the Commonwealth refuses to submit a case unless the district attorney has abused his discretion by refusing to submit an individual because of his race or religion or some other obviously prohibited consideration. *Id.* The Court held that a trial judge may not overrule the district attorney and force him to submit a case to ARD for any reason related to the protection of society or the likelihood of a successful rehabilitation. *Id.* The Court, per Justice Flaherty, stated that "the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." *Id.*

Appellant, Ayers, and the Commonwealth urge us to extend the holding of *Lutz*. They argue that *Lutz* requires that admission to ARD must be at the sole discretion of the

Commonwealth and that a trial court must admit to the program anyone recommended by the district attorney absent an abuse of discretion. We disagree. The only issue determined in *Lutz* was whether a trial court can choose to admit someone to ARD who has not been recommended by the district attorney. The case did not deal with a court's authority to reject persons who the district attorney has recommended. These situations are completely dissimilar. Therefore, *Lutz* is inapplicable to the matter before us.[1]

The *Lutz* Court based its decision on two separate grounds. The Court reasoned that whether to charge someone with a crime is ordinarily a matter of prosecutorial discretion. A motion to admit a defendant into ARD is actually a decision by the district attorney not to charge that individual. Therefore, whether to make such a motion is within the prosecutor's discretion.

The Court also noted that the Rules of Criminal Procedure support this same result. Rule 175 states that "the attorney for the Commonwealth, upon his own motion ... may move that the case be considered for accelerated rehabilitative disposition." The rules expressly provide that only the district attorney may initiate the ARD process. The judiciary is not afforded any role in this process until the Commonwealth has made the initial motion. The facts of the case are then presented to a judge at a hearing. *See* Pa.R.Crim.P. 179(b). That hearing is the first time the judicial system is implicated in the ARD process. There-

1. It has been pointed out that the *Lutz* Court, per Justice Flaherty, stated that if a "case is submitted for ARD, the court must approve the defendant's admission." *Lutz,* 508 Pa. at 303, 495 A.2d at 931. Because Lutz did not concern a case submitted by the prosecution and rejected by the trial court, this remark is dicta and not binding as precedent. *See Deemer v. Oros,* 362 Pa.Super. 124, 128, 523 A.2d 806, 808 (1987). However, even if this statement were not dicta, we would be unsure of its meaning. We believe it is reasonable to assume that Justice Flaherty meant the court must approve the defendant if he is qualified under the statutory criteria. This interpretation is buttressed by the *Lutz* Court's later discussion of prosecutorial discretion. The court stated that "the Commonwealth must be free to submit a case ... for *ARD consideration....*" *Lutz* 508 Pa. at 310, 495 A.2d at 935 (emphasis added). If the prosecutor's decision was final, the case would not be subject to consideration.

fore, a plain reading of the applicable rules as well as traditional notions of prosecutorial discretion support the decision of the *Lutz* Court.

Neither of these considerations apply in the instant matter. When a prosecutor decides whether to move for a defendant's admission to ARD, he has fulfilled his charging function. Judicial consideration of the motion does not begin until the prosecutor's decision has already been made. Thus, the court's ensuing disposition of the motion does not interfere with the district attorney's historical right to autonomously decide what charges should be brought.

The plain language of the Rules also makes it clear that our judges are not to serve as mere rubber stamps approving all Commonwealth motions for admission to the program. Though the Rules exclude the courts from any role in the initiation of ARD proceedings, they provide the judiciary with significant responsibilities once those proceedings are underway.

The Rules clearly state that the judge is the final arbiter as to who enters ARD. Rule 179 states in pertinent part:

> After learning the facts of the case, if the judge believes that it warrants accelerated rehabilitative disposition, he shall order the stenographer to reopen the record and he shall state to the parties the conditions of the program.

Pa.R.Crim.P. 179(c)

The important language is: *"if the judge believes that it warrants accelerated rehabilitative disposition."* There is no mention of the district attorney or any other representative of the Commonwealth. The decision is left entirely up to the judge's discretion. Therefore, the policies underlying the *Lutz* decision do not support a similar result in this case. In fact, considerations of historical spheres of responsibility and the plain language of the Rules leads us to conclude that the trial judge is required to interpose his judgment into the ARD process once it has been initiated by the district attorney.

The Rules also state that any victims of the charged offense must be notified of the Commonwealth's application to place the defendant in ARD. The victim is entitled to be present during the hearing which the court must hold on the motion for admission. *See* Pa.R.Crim.P. 177, 178. The judge is directed to hear from the Commonwealth, the defendant, and any victim who is present.

Appellant claims that this hearing should only be a meaningless formality. Ayers argues that based on *Lutz*, a judge may reject the Commonwealth's motion only if the district attorney based his decision on race, religion or some other obviously prohibited consideration. Appellant asserts that the court may not consider the need to protect society from the alleged criminal or the likelihood of a defendant's success in rehabilitation. If this is so, why does the Rule direct that the victim should be present to testify? Is the victim to testify about the defendant's religious convictions or social characteristics? Such a contention is plainly absurd. The victim may testify only to facts as to which he or she is aware. That is, the nature of the alleged crime. This factor is only relevant to the proposed motion if the court may consider the need to protect society from the defendant. Consideration of this factor is traditionally the trial court's responsibility just as charging decisions are traditionally within the prerogative of the district attorney.

It is apparent that the ARD program was intended to provide an alternative to incarceration for non-violent offenders with rehabilitative potential. When interpreting a statute, we must construe its provisions as a whole and seek to apply the underlying legislative purpose. *Bertera's Hopewell Foodland, Inc. v. Masters,* 428 Pa. 20, 236 A.2d 197 (1967), *appeal dismissed,* 390 U.S. 597, 88 S.Ct. 1261, 20 L.Ed.2d 158 (1968); *Causer v. Mandarino,* 338 Pa.Super. 564, 488 A.2d 36 (1985). The comments to Rule 177 approvingly quote the letter used in Philadelphia County to inform victims of their right to appear at the ARD hearing. The letter states, "the Supreme Court of Pennsylvania adopted a Rule authorizing the courts of this county to institute a

unique program for *non-violent offenders.*" The letter also states that in order to qualify for the program, a defendant must "not be accused of a crime of serious violence." *Id.* ARD should only be available to persons who are not a threat to society.

As the *Lutz* court ruled, the Commonwealth is free to submit a case or not, based on its view of what is beneficial to society. *Lutz* 508 Pa. at 309, 495 A.2d at 935. However, once the case is submitted, the trial court is free to reject it based upon its view of what is beneficial to the community. In this case, the trial court considered the nature of Ayers' reprehensible crime and properly rejected the ARD motion. If Ayers is guilty he is a threat to society and should suffer the consequences of his degenerate behavior.

Ayers points to *Commonwealth v. Burdge,* 345 Pa.Super. 187, 497 A.2d 1367 (1985), as support for his claim that a trial court must approve a Commonwealth motion for admission into ARD absent an abuse of discretion. In *Burdge,* a panel of this court held that court-established admission criteria for ARD intruded upon the prerogatives of the district attorney and therefore were invalid under the Rules of Criminal Procedure. *Id.,* 345 Pa.Superior Ct. at 190, 497 A.2d at 1368–69. Ayers argues that the *Burdge* court in effect held that a trial court may not interfere with the entire ARD process except in extraordinary circumstances. We must reject this assertion.

Prior to *Burdge,* the Court of Common Pleas of Huntingdon County had established rigid criteria governing entrance to the county's ARD program. *Id.,* 345 Pa.Superior Ct. at 189, 497 A.2d at 1368. The *Burdge* court described the criteria as "formulaic" and "inflexible." The court recognized that the rules controlling ARD require trial courts to consider each case on an "individual basis." *Id.* Therefore, the criteria were invalid because they violated the "theory [of] individualized sentencing." *Id.*

The criteria also intruded upon the district attorney's authority because they discouraged the Commonwealth

from proposing the admission of any defendant who could not meet the relevant requirements. As *Lutz* held, the Rules provide that the district attorney may move for the admission of any defendant he chooses into ARD. The Huntingdon County rules were invalid because they circumscribed this discretion by rendering it meaningless. A trial court's obligation in the ARD process is to consider each case on an individual basis to determine if "it warrants accelerated rehabilitative disposition...." *See* Pa.R. Crim.P. 179(c). The trial court may not promulgate general rules which interfere with the prosecutor's discretion.

In this case, the trial court issued no rules of universal applicability. It considered the individual circumstances of the defendant and the nature of his crime. The court then decided that ARD was not warranted. In making its decision the court acted in the best interests of the community which it serves. This is the traditional role which our courts have proudly fulfilled.

Based on the foregoing, the order of the Court of Common Pleas of Potter County is affirmed.

POPOVICH, J., concurs in result.