**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert GANO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 2000.
Filed July 7, 2000.

---

**3.** The police still held his paperwork.

Gerald A. Lord, York, for appellant.

Timothy J. Barker, Asst. Dist. Atty., York, for Com., appellee.

Before POPOVICH, EAKIN and OLSZEWSKI, JJ.

EAKIN, J.:

¶ 1 Robert Gano appeals from the judgment of sentence for driving under the influence of alcohol (DUI). We remand for further proceedings.

¶ 2 Appellant is a Pennsylvania State Trooper. On September 6, 1999, he was arrested for driving under the influence and accidents involving damage to unattended vehicles; his blood alcohol content (BAC) was above .20%. Within 24 hours, appellant voluntarily entered an alcohol rehabilitation program. He waived his preliminary hearing and applied for the York County accelerated rehabilitative disposition (ARD) program. The district attorney agreed to recommend his entry into ARD; he was admitted by the trial court January 26, 1999.

¶ 3 The next day, the judge vacated this order because "... a newspaper article appeared regarding [appellant's] acceptance into the Program, and the article contained the specifics of the offense. Now that the Court is aware of this additional information, the Court has a serious question as to whether ARD is appropriate." Trial Court Order, 1/27/99, at 1. The court scheduled a new hearing on appellant's ARD application; following the presentation of testimony and exhibits, he was denied admission. By stipulation of

facts, the trial court found appellant guilty of DUI and sentenced him to forty-eight hours to one year imprisonment, with credit for time spent at the rehabilitation program. This appeal followed, in which appellant claims the trial court erred when it deemed his occupation a factor weighing against admission into ARD.

¶ 4 While finding no authority on the standard we should apply to review a court's denial of admission into ARD, both the Commonwealth and appellant suggest we must determine whether the court abused its discretion. When considering a motion for ARD entry, the trial court is reviewing the district attorney's decision to submit the application. *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985). The court is not to "serve as [a] mere rubber stamp[ ], approving all Commonwealth motions for admission to the program." *Commonwealth v. Ayers*, 363 Pa.Super. 232, 525 A.2d 804, 806 (1987). Instead, the court is the final arbiter as to whether an individual will enter ARD, and is free to reject ARD "based upon its view of what is beneficial to the community." *Id.*, at 807. Similarly, in *Commonwealth v. Lebo*, 713 A.2d 1158 (Pa.Super.1998), *appeal denied*, 558 Pa. 617, 737 A.2d 741 (1999), we found "termination" from ARD to be within the sound discretion of the trial court. Accordingly, we believe that when reviewing an order denying admission to an ARD program, we must similarly determine whether the court manifestly abused its discretion.

¶ 5 Appellant's case and 55 others were presented *en masse* to the trial court for ARD admission. While PA.R.Crim.P. 179 requires the court to consider the facts of each case on an individual basis, *Commonwealth v. Burdge*, 345 Pa.Super. 187, 497 A.2d 1367, 1369 (1985), no details of any of

these cases were presented. There was an "understanding" between the court and the district attorney that none contained unusual circumstances which required individual review. Acting as the reviewing authority, the court of course could have exercised its discretion and denied any of these motions if appropriate, given the facts of each case; the court was not able to do so because the procedure left the court unaware of those facts.

¶ 6 That the court did not learn any details about appellant or his case until reading the newspaper the next morning demonstrates the significant shortfall in this procedure.[1] Denial could properly have been based on appellant's BAC, the accident, or leaving the scene. However, these facts, or more properly the newspaper's take on the facts, only became known to the court after the decision to admit appellant had been made. The newspaper's decision to headline a case should not cause extra judicial scrutiny, for that scrutiny should be there already.[2]

¶ 7 Despite this procedural omission, the learned and distinguished judge nevertheless was clearly entitled to reconsider the prior order, and we do not fault the court for its concerns upon learning the facts, no matter the source. However, when it ultimately denied ARD, the court did so in large measure because of appellant's status as a law enforcement officer. That the other facts may have been sufficient to deny ARD does not end the inquiry, for the court was in error when it considered appellant's employment as a significant aggravating factor, rather than a mitigating factor.

¶ 8 In *Commonwealth v. Lowe*, 361 Pa.Super. 343, 522 A.2d 614 (1987), we held that status as a police officer should

1. While the procedure was flawed, there is no evidence the district attorney abused his discretion by recommending appellant's admission.

2. While not raised, there may be an equal protection issue here; had the media not

deemed appellant's case worthy of individual acclaim because of his job, he would have anonymously remained in ARD with the other 55 whose cases the paper, and hence the court, did not review further.

not be considered an aggravating factor in the determination of his sentence. *Id.*, at 615. Rather, an officer's law-abiding life should have been a mitigating factor, as it would have been for any offender. *Id.* In the present case, appellant's status as a state trooper was likewise incorrectly considered as a factor weighing against admission to ARD.

¶ 9 The long and the short of this case is that appellant was admitted when he was seen as an average citizen, and denied when he was known to be a law enforcement officer. Not only was his occupation significant to the vacating of the original order, the trial court repeatedly referred to appellant's position as a significant factor in its ultimate decision against admission. *See* Trial Court Opinion, 8/9/99, at 4.

THE COURT: But at the same time the Court can't help but be troubled by the fact that a person who is a state policeman would exhibit conduct like this to be so intoxicated as to have a blood alcohol over .20, to have accidents involving two parked cars, and to leave the scene of the accident.

* * *

For example, the Court does recognize that it's the fact that [appellant] is a police officer which creates the problem here.

* * *

The Court just simply thinks that no matter how good a person he is, that's too much to ask, and that person should be [sic] not be permitted to participate in the ARD program. We can't simply have a policeman, one sworn to uphold the law, exhibit that kind of conduct, and then receiving a benefit that would not take into account his duty to the law. N.T. Hearing, 2/23/99, at 26–29.

¶ 10 The trial court stated in its opinion that it found "it is more reprehensible if it is a police officer who leaves the scene of the crime." Trial Court Opinion, at 6.

This is an inviting notion, as this was a violation of the law by one sworn to uphold it and empowered to enforce it. Any crime by an officer would breach the trust given him by the people, and that is indeed a troubling thing.

¶ 11 Appellant's career undoubtedly will suffer more for this offense than will almost any other career one might name; his action will carry its own consequences which we cannot begin to measure. The fall of appellant was from a higher place, and the resulting impact will undoubtedly be greater than most charged with DUI will suffer. However, it is his choice to serve in that same high place for years before that demonstrates a life of exemplary and commendable achievement, as shown in the voluminous character references in the record. His career must be recognized as a positive, not a negative factor.

¶ 12 While we recognize the concern about public confidence in the police force, and that appellant accordingly was held to a standard that was higher in most ways than the average person's, this is not a situation where the offense is related to the occupation. Had the crime involved misuse of the trust reposing in the trooper's badge, we would not hesitate to find his occupation an entirely valid, even determinative point. However, while this offense is undoubtedly serious, the crime itself is not definitionally aggravated because the offender is an officer. Simply put, we see no factual nexus between this offense and appellant's occupation.

¶ 13 Because it considered appellant's status as a trooper as an aggravating factor, we must conclude the trial court abused its discretion in denying ARD. Accordingly, this case is remanded for further consideration of appellant's eligibility for ARD by the trial court. While his conduct besmirched his badge, his law-abiding life of service as a trooper must be considered a mitigating, rather than ag-

gravating factor when considering the merits of his application.

¶ 14 Judgment of sentence vacated; case remanded. Jurisdiction relinquished.

¶ 15 Judge OLSZEWSKI files a Concurring Opinion.

OLSZEWSKI, J., concurring:

¶ 1 Because the trial court improperly considered appellant's profession as an aggravating factor, I agree that we must remand this matter. I write separately, however, to express my concern that the majority's language implies that appellant's status as a state trooper should, in and of itself, be considered a mitigating factor.

¶ 2 In *Lowe*, we held that the defendant's job as a police officer was irrelevant for purposes of sentencing. *See Commonwealth v. Lowe*, 361 Pa.Super. 343, 522 A.2d 614, 617 (1987). Rather, the Court properly considered his law-abiding *life* as a mitigating factor. *See id.* Here, the majority states that "[w]hile [appellant's] conduct besmirched his badge, his law-abiding life of service as a trooper must be considered a mitigating, rather than aggravating factor when considering the merits of his application." Majority Opinion, at 683–84. To the extent that this holds a police officer or other public servant to a lower standard than an ordinary citizen in terms of sentencing, I disagree.