**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Robert GANO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 2001.

Filed Aug. 13, 2001.

Gerald A. Lord, York, for appellant.

Timothy J. Barker, Assistant District Attorney, York, for Com., appellee.

Before: DEL SOLE, President Judge, STEVENS, and MONTEMURO *, JJ.

STEVENS, J.

¶ 1 Appellant Robert Gano appeals from the judgment of sentence entered on September 26, 2000, after the Court of Common Pleas of York County convicted him for driving under the influence of alcohol (DUI).[1] Because we find that the lower court abused its discretion in denying Appellant admission into the York County Accelerated Rehabilitative Disposition (ARD) program, we reverse and remand.

¶ 2 On September 6, 1998, Appellant was arrested for driving under the influence and accidents involving damage to unattended vehicles.[2] Within twenty-four hours after the arrest, Appellant voluntarily entered a rehabilitation program. Appellant waived his preliminary hearing and applied for the York County ARD program. The York County District Attorney recommended Appellant for ARD and the case was included in a group of fifty-six cases to be presented en masse for court approval.

---

* Retired Justice assigned to the Superior Court. Justice Montemuro did not participate in the decision of this matter.

1. 75 Pa.C.S.A. § 3731

2. 75 Pa.C.S.A. § 3745

¶ 3 On January 26, 1999, the lower court admitted Appellant into the ARD program along with the other fifty-five cases. The following day, however, the judge vacated the order pertaining to Appellant after reading a morning newspaper article reporting that he had granted ARD to a Pennsylvania State Trooper charged with DUI. *See* Lower Court Order 1/27/99. On February 23, 1999, the lower court held a new hearing and denied Appellant's ARD application. The court claimed that "when it denied ARD, the court did so in large measure because of Appellant's status as a law enforcement officer." *Commonwealth v. Gano,* 756 A.2d 680, 682 (Pa.Super.2000).

¶ 4 Appellant filed an appeal to this Court, and we reversed and remanded the matter to the lower court for further proceedings. This Court remanded with an instruction to the lower court stating that Appellant's employment be considered a mitigating factor, not an aggravating factor, in determining whether he should be accepted into the ARD program. *Gano,* at 683.

¶ 5 On September 26, 2000, on remand, the lower court conducted a second hearing concerning Appellant's ARD application. For the first time, the court cited Appellant's blood alcohol content, involvement in an accident, and the fact that Appellant left the accident—all reasons available to it when it initially granted Appellant admission into the ARD program—and again refused to accept the Commonwealth's recommendation in favor of ARD admission. The court entered its order denying Appellant's admission into the program and, after accepting the parties' stipulations as to the facts of the case, convicted Appellant for DUI and sentenced him to serve a jail term of forty-eight hours to one year. This timely appeal followed.

 ¶ 6 On appeal, Appellant contends that the lower court abused its discretion when it denied Appellant's request for admission into the ARD program. Appellant also argues that the lower court has admitted individuals in similar circumstances to the ARD program and that he was denied equal protection. We agree with Appellant that the lower court abused its discretion and do not reach the issue of equal protection.

 ¶ 7 ARD is a pretrial disposition of certain cases in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes. *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 931 (1985). The impetus behind the creation of ARD was and remains a belief that some "cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatment rather than by punishment." [3] Comment to Pa.R.Crim.P. 185.[4] *See also Lutz,* at 931.

 ¶ 8 The test for determining whether a defendant charged with driving under the influence should be admitted into an ARD program is whether the defendant is the type of person who can benefit from the treatment offered by the program. *Lutz, supra.* According to the record before us, Appellant has cooperated with authorities, has no prior criminal record, and has no prior moving violations on his driving record.[5] Appellant was honest on his

---

**3.** This belief was shared by the President's Commission on Law Enforcement and the Administration of Justice.

**4.** Effective April 1, 2001, Rule 185 was renumbered Rule 319.

**5.** N.T., 2/23/99, at p. 20

application and faces no opposition from the owners of the vehicles that Appellant hit or from law enforcement in this case, and has taken responsibility for his actions.

¶ 9 Moreover, ARD recommendations issued by the district attorney reflect his or her view of what is beneficial to the community and are historically given great judicial deference. *Lutz, supra.* The district attorney in the case at bar, after reviewing Appellant's case in light of standard criteria used to determine whether a DUI defendant is a suitable candidate for ARD, made a recommendation that Appellant be accepted into the ARD program. Significantly, the district attorney noted that not one "aggravating circumstance" [6] contained in his criteria was present in Appellant's case.

¶ 10 While it is well-settled that a lower court may reject an ARD recommendation based upon its opinion of what is beneficial to society, *See Commonwealth v. Ayers,* 363 Pa.Super. 232, 525 A.2d 804, 806 (1987), it is also settled that such a rejection is subject to our review for manifest abuse of judicial discretion. *See Gano, supra.* Our review herein discloses a manifest abuse of discretion, as the facts before us again compel the conclusion that "the long and short of this case is that Appellant was admitted when he was seen as an average citizen, and denied when he was known to be a law enforcement officer." *Gano,* at 683.

¶ 11 In its opinion, the lower court professes to have denied Appellant's application for reasons unrelated to Appellant's occupation.[7] However, the court's rationale is belied by the complete absence of any aggravated circumstance commonly accepted in York County, as well as by the case's considerable mitigating circumstances, cited above, which have been part of the record since the court originally admitted Appellant into the ARD program. Given this undisputed record, the rationale underlying the order denying admission can only be understood as a pretext for the court's continuing intent to hold a law enforcement officer to a more stringent admission standard than that applied to an "average" citizen. To the extent that the lower court has thus persisted in its effort to reverse its original order in the wake of public scrutiny, we find that it has disregarded the dictates of this Court's earlier decision to properly weigh the mitigating factors of Appellant's case.

¶ 12 Accordingly, we find that the lower court committed a manifest abuse of its discretion by denying Appellant admission into the ARD program.

¶ 13 Judgment of Sentence Reversed. Order denying ARD vacated. Remanded for admission of Appellant into the ARD program. Jurisdiction relinquished.

¶ 14 Concurring Statement By DEL SOLE, President Judge.

DEL SOLE, President Judge, Concurring.

¶ 1 I join the Majority opinion of Judge Stevens. I write separately only to express the view that denial of ARD acceptance should not be based on some general

---

6. The York County District Attorney's Office considers any of the following to constitute an "aggravating circumstance" in a DUI related case: a blood alcohol content above .230; the arresting officer's objection to ARD admission; the defendant's failure to cooperate; driving without a license; or a prior criminal history.

7. It should be noted that proper judicial scrutiny of the facts of this case at the time of the initial ARD hearing would have revealed Appellant's employment status to the lower court.

objection of law enforcement personnel. Rather, such objections must be for specific and articulate reasons which the District Attorney can evaluate in making this decision.