J-S20022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES BARNETT GEFSKY, | |
| Appellant | No. 1157 WDA 2014 |

Appeal from the Judgment of Sentence Entered June 20, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003400-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY **SHOGAN, J.:**                    **FILED:  MAY 1, 2015**

Appellant, James Barnett Gefsky, appeals from the judgment of sentence entered June 20, 2014, following his conviction by a jury of theft by failure to make required disposition of funds and misapplication of entrusted property.  We affirm.

Appellant, an attorney, had sought admission to Westmoreland County's Accelerated Rehabilitative Disposition ("ARD")[1] program by filing a Motion to Compel ARD on April 13, 2012.  The trial court held a hearing on

---

[1]  ARD "is a pre-trial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes."  **Commonwealth v. LaBenne**, 21 A.3d 1287, 1291 (Pa. Super. 2011) (quoting **Commonwealth v. Lutz**, 495 A.2d 928, 931 (Pa. 1985)).

the motion on December 14, 2012, and denied the motion that day. Order, 12/14/12. Following a three-day trial on April 7–9, 2014, a jury convicted Appellant of the above charges. On June 20, 2014, the trial court sentenced Appellant to three years of intermediate punishment (intensive probation) with six months of house arrest.

Appellant filed a notice of appeal to this Court on July 18, 2014. The trial court directed Appellant to comply with Pa.R.A.P. 1925, and Appellant filed a timely Rule 1925(b) statement on August 29, 2014. In lieu of an opinion, the trial court referred this Court to the transcript of the December 14, 2012 hearing. Appellant raises the following single issue for our review: "Did the pretrial motions court judge err and commit an abuse of discretion in denying Defendant's Motion to Compel ARD in this case?" Appellant's Brief at 1.

The standard of review when considering the trial court's denial of admission to ARD is an abuse of discretion. *Commonwealth v. Fleming*, 955 A.2d 450, 453 (Pa. Super. 2008). "In general, the district attorney has the responsibility for determining which cases will be recommended for entry into the ARD program." *Id.* (citing *Commonwealth v. Lutz,* 495 A.2d 928 (Pa. 1985)). A district attorney has broad discretion in submitting or denying a case for ARD. In *Commonwealth v. LaBenne,* 21 A.3d 1287 (Pa. Super. 2011), this Court reaffirmed the proposition that "district

- 2 -

attorneys have the sole discretion in moving for admission of a defendant into ARD[.]" *Id.* at 1291. We stated therein:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt **unrelated** to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender. Once the Commonwealth denies a defendant admission into ARD, "the trial court's role is limited to whether the Commonwealth abused its discretion." This Court has emphasized that "[t]he Commonwealth does not have the burden of proving the absence of abuse of discretion; rather, the petitioner has the burden of proving the Commonwealth's denial of his request was based on prohibited reasons."

*Id.* (internal citations omitted) (emphasis in original). "A district attorney may base a decision to grant or deny admission to ARD on any consideration related to the protection of society and the rehabilitation of the defendant." *Commonwealth v. Sohnleitner,* 884 A.2d 307, 313 (Pa. Super. 2005) (quoting *Commonwealth v. Jagodzinski,* 729 A.2d 172, 176 (Pa. Super. 1999)).

Appellant contends that the Westmoreland County District Attorney offered ARD participation to "citizens accused of theft and related charges" and to "other attorneys accused of first[-]time non-violent offenses." Appellant's Brief at 6. Appellant suggests he was denied ARD admission because "he was a licensed attorney and member of the PA Bar at the time of the alleged offenses." *Id*. at 11. While acknowledging the district

- 3 -

attorney's "sole discretion as to the admission of candidates for ARD," Appellant avers that "the prosecutor may not summarily reject a person" for admission. *Id*. at 12. He relies upon *Lutz* and *Commonwealth v. Gano*, 781 A.2d 1276, 1278 (Pa. Super. 2001).

As noted, *Lutz* established that the decision to submit a case for ARD rests in the sound discretion of the district attorney; absent an abuse of that discretion involving some criteria for admission unrelated to society's protection or the likelihood of a person's rehabilitative success, the district attorney must be free to submit or deny a case for ARD based on his view of what is most beneficial for society and the offender. *Lutz*, 495 A.2d at 935. In establishing the parameters of this prosecutorial discretion, the *Lutz* Court made clear that because the judgment regarding who can benefit from ARD is subjective, and because society may be seriously damaged by the wrong judgment, the district attorney is not to be faulted if he errs on the side of caution. *Id*. at 934.

In *Gano*, a decision by the trial court to deny a police officer entry into the ARD program for first-time DUI offenders was overturned by this Court. We concluded therein that a general prohibition against law enforcement officers receiving ARD could not stand when an average citizen in the same circumstances would have been admitted. Our review therein disclosed a manifest abuse of discretion, in that the appellant in *Gano* "was admitted when he was seen as an average citizen, and denied when he was known to be a law enforcement officer." *Gano*, 781 A.2d at 1279.

- 4 -

*Gano* is distinguishable from the instant case. There, **the district attorney recommended** the defendant's participation in ARD, and the trial court admitted the defendant into the ARD program. The next day, however, "the judge vacated the order pertaining to [the defendant] after reading a morning newspaper article reporting that he had granted ARD to a Pennsylvania State Trooper charged with DUI." *Gano*, 781 A.2d at 682. Following a new hearing after which the trial court denied the defendant's ARD application, "the court claimed that 'when it denied ARD, [it] did so in large measure because of [the defendant's] status as a law enforcement officer.'" *Id*.

In the case *sub judice*, in contrast, the Commonwealth set forth specific and articulable reasons why it was not recommending Appellant for ARD participation. At the December 14, 2012 hearing on Appellant's Motion to Compel ARD, the Commonwealth set forth the following reasons for its denial:

> Number one, that he was an attorney at the time that this occurred. Number two, the victims in the theft were, in fact, clients of his at the time of this offense. Number three, that he was, in fact, in a fiduciary relationship with those clients representing those clients at the time the theft of these funds occurred. Number four, the sheer amount of money that was involved is a very large amount that's alleged in the Information. That was a factor that was considered. Number five, the overall position of the District Attorney's Office that certain professions, you know, should be held in sort of a higher regard in our society . . . .

N.T., 12/14/12, at 15–16.

Here, the amount of the theft was more than $71,527.00. N.T., 12/14/12, at 9. While testimony established that Appellant repaid one client, and the client security fund repaid another client $5,000.00, consideration of the amount of the theft was not a prohibited reason for denial of ARD participation. Moreover, the above reasons make clear that Appellant was not denied recommendation to ARD simply because he was an attorney, but because he stole his client's funds while in a fiduciary relationship with his clients.

"[T]he prosecution is barred only from considering impermissible criteria, such as race, religion, or other obviously prohibited factors." *Commonwealth v. Barton-Martin*, 5 A.3d 363, 367 (Pa. Super. 2010). We are not inclined to equate the reasons cited by the Commonwealth as synonymous with such factors. We emphasize that "the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." *Lutz*, 495 A.2d at 935. Under the circumstances of this case and in light of the broad discretion afforded the Commonwealth in making decisions regarding ARD, we find no abuse of discretion by the trial court's denial of ARD participation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/1/2015</u>