**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK LORENZO LEONARD | : | |
| | : | |
| Appellant | : | No. 1985 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007957-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK LORENZO LEONARD | : | |
| | : | |
| Appellant | : | No. 1986 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005120-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK L. LEONARD | : | |
| | : | |
| Appellant | : | No. 1987 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0008036-2015

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 11, 2020**

Derrick Lorenzo Leonard appeals from the aggregate judgment of sentence of ten years of probation which was imposed after Appellant pled guilty to two counts of possession with the intent to deliver (PWID) heroin and one count each of possession of drug paraphernalia and tampering with evidence. Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On October 21, 2014, Appellant delivered forty bags of heroin to a confidential informant. The next day, Appellant delivered four bags of heroin to a confidential informant. Then, on July 9, 2015, after Appellant made eye contact with a police officer while he was driving his car, he started throwing drug paraphernalia out of his car window.

Appellant was charged with PWID-heroin at two separate docket numbers, and at a third docket number, he was charged with tampering with physical evidence and possession of drug paraphernalia. The charges were docketed separately based on the distinct offense dates. Thereafter, Appellant applied for acceptance into the York County Court of Common Pleas Adult Drug Court Program.[1] After completion of a drug and alcohol assessment and

_____

[1] The Drug Court program is:

review by the drug court team, Appellant was conditionally accepted into the program, pending the entry of a guilty plea to the aforementioned charges. On June 28, 2016, as part of his acceptance into drug court, Appellant pled guilty to all of the offenses. Sentencing was deferred pending Appellant's successful completion of drug treatment court.[2]

However, on April 10, 2018, the trial court issued an order removing Appellant from drug court, due to his failure to make sufficient progress towards completing the program. Accordingly, on June 19, 2018, Appellant appeared for sentencing. After the Commonwealth announced the guideline sentence ranges, which called for jail time in the standard range, it requested

_____

used as an alternative to the conventional criminal prosecution process in appropriate cases involving drug-related crimes, or where offenders are coping with a drug addiction, in order to achieve the twin goals of reducing the incidence of drug-related crimes, and preventing recidivism by offenders. Employing principles of "therapeutic jurisprudence," these courts combine intensive judicial supervision, drug testing, and comprehensive treatment to assist offenders in overcoming the substance abuse problems that enmeshed them in the criminal justice system. In Pennsylvania, drug courts comprise an integral part of the Commonwealth's multi-faceted system of problem-solving courts, a program which th[e Supreme] Court has taken great pride in establishing and fostering.

*Office of Disciplinary Counsel v. Pozonsky*, 177 A.3d 830, 832–33 (Pa. 2018) (citations omitted).

[2] Appellant was advised that upon his completion of drug court, the felonies would be reduced to misdemeanors and his misdemeanors would be dismissed. N.T. Sentencing Hearing, 6/28/16, at 3. The sentencing court did not explain the penalties Appellant faced if he failed to complete drug court, after Appellant indicated he already understood the potential risks and had no questions regarding them. *Id*. at 3.

a sentence of incarceration. On Appellant's behalf, counsel put forth the testimony of Appellant's fiancé and submitted a letter of recommendation from Appellant's place of employment before asking for a mitigated sentence of probation. The court was persuaded by trial counsel's argument, and despite Appellant's lengthy criminal history and failure to complete the drug treatment program, it imposed an aggregate term of ten years of probation. Appellant did not file a post-sentence motion or direct appeal.

On June 4, 2019, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"). Appointed counsel sought the reinstatement of Appellant's direct appeal rights from his original sentence at all three cases. On November 25, 2019, the PCRA court granted Appellant's request to reinstate his direct appeal rights and Appellant filed timely notices of appeal at each docket number. In his court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, Appellant challenged the trial court's discretion in denying his graduation from the drug court program by removing him from the program. The trial court issued three identical Pa.R.A.P. 1925(a) opinions, in which it explained that it had not abused its discretion because Appellant was "nowhere near" completing the graduation requirements, which is why he was removed from the program. Trial Court Opinion, 2/4/2020, at 1 n.1.

In this Court, counsel filed a petition for consolidation of the three appeals, which we granted. Next, counsel filed both an ***Anders*** brief and a

petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the **Anders**

procedure:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. Counsel set forth the procedural case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited to case law which supports that conclusion. ***See Anders*** brief at 5-11. Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[3] ***See Santiago***, ***supra***; Letter, 4/24/2020. Accordingly, we proceed to an examination of the issue raised to discern if it is frivolous. ***Commonwealth v. Dempster***, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified one issue that arguably supports this appeal: "Whether the trial court abused its discretion by denying Appellant's graduation from the drug court program and removing Appellant from the program." ***Anders*** brief at 4.

In ***Commonwealth v. Gano***, 781 A.2d 1276, 1279 (Pa.Super. 2001), this Court stated that the standard of review to be employed when considering the trial court's denial of admission into Accelerated Rehabilitative Disposition

---

[3] Appellant did not file a response to counsel's petition.

("ARD") program is an abuse of discretion standard. Since the York County drug treatment program is also a specialty rehabilitation court program, it follows that the same standard of review applies here. Accordingly, we consider Appellant's claim under an abuse of discretion standard of review.

Counsel's issue of arguable merit questions whether the trial court abused its discretion when it removed Appellant from the drug treatment court program, because he failed to obtain a GED. **Anders** brief at 10. The trial court responded that Appellant was "nowhere near the completion of the treatment court program, and thus, any issue of graduation [was] not a ripe issue for review." Trial Court Opinion, 2/4/20, at 1 n.1. Further, the court explained that Appellant was removed from the program because he consistently attempted to manipulate his probation officers and the drug court treatment, not because he failed to obtain his GED. **See** Sentencing Transcript, 9/25/2018, at 11-13. Accordingly, counsel's issue of arguable merit is factually inaccurate and, thus, is frivolous.

Upon our independent review of the record, we find that the record supports the trial court's recitation. In its order removing Appellant from the drug court treatment program, the court stated that its action was necessitated because Appellant was continuing to have problems that would not allow him to graduate. **See** Order, 4/10/18. At the sentencing hearing, the court expanded upon its reasoning for removing Appellant from the program at length, after Appellant's fiancé, counsel, and Appellant all stated

that they believed Appellant had been removed from the program due to a

failure to complete the GED requirements:

>   [Appellant] is not being sentenced and he wasn't kicked out of the program for failing to compete the GED program . . . . [Appellant was] removed from the program because of a continued pattern of criminal thinking, addictive thinking, manipulation[,] and falsehoods. [Appellant] has never bought into this program entirely.
>
>   . . . .
>
>   He should never have been in phase [three] in the first place, in my opinion, because he had not progressed to that point.
>
>   He had previously taken medication without prior approval from the treatment court team, and even though the conditions regarding medication consumption were explained to him multiple times. . . . his response to that was one of deflecting responsibility. . . .
>
>   With regard to the GED, it's not that he didn't complete the GED, it was again the manipulative thinking and excuse making, not taking responsibility for not accomplishing the requirements.
>
>   The probation report captures it well, noting that, although [Appellant] was in phase [three] for 271 days, he was still not ready for graduation and that, quote, [Appellant] repeatedly displayed a pattern of behavior in which [Appellant] was resistant to make any significant changes to adhere to the treatment court team's recommendations.
>
>   [Appellant] also displayed very little progress and appeared as if [Appellant] stagnated in his recovery. I had [Appellant] before me any number of times and he preferred to argue about things rather than accept change, and that is why he was removed from the treatment court after all opportunities at rehabilitation had been exhausted.

N.T. Sentencing Hearing, 6/19/18, at 11-12.

The record shows that Appellant entered into a guilty plea where the sentence imposed was reliant on his successful completion of the drug court treatment program. *See* N.T. Guilty Plea Hearing, 7/9/15, at 3-4. Appellant's progress was stagnant and, when it became clear that Appellant would not fulfill the program's requirements, he was removed from the program. *See* Order, 4/10/18. The court then ordered the generation of a Presentence Investigation Report ("PSI") to aid it in fashioning an appropriate sentence. Appellant was represented by counsel at sentencing and the court reviewed the PSI, sentencing guidelines, and letters and testimony submitted by counsel on Appellant's behalf. N.T. Sentencing Hearing, 6/19/18, at 1-16. The court was persuaded by the mitigation evidence presented by counsel, and imposed the requested probation sentence, which fell below the standard range of the guidelines. *Id*. We discern no abuse of discretion in the sentencing court's actions. Therefore, we find Appellant's overarching allegation of sentencing error devoid of merit.

Further, we have conducted a "full examination of the proceedings" and have determined that "the appeal is in fact wholly frivolous."[4] ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since

---

[4] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). No viable claims or defenses on those subjects are apparent from the record before us.

our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence. **Dempster**, **supra** at 273.

Petition of Mark Semke, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2020