497 A.2d 1367

**COMMONWEALTH of Pennsylvania**

v.

**James W. BURDGE, Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 1985.

Filed Sept. 6, 1985.

Robert B. Stewart, III, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered pursuant to appellant's bench conviction for driving under

the influence of alcohol, 75 Pa.C.S.A. § 3731(a)(4). Sentence imposed was five days to twenty-three months imprisonment and a $300 fine.

Appellant was arrested after the car he was driving crossed the center line and collided with another vehicle, fortunately without causing physical injury. Police noted visible signs of intoxication, impaired gait, slurred speech and an odor of alcohol, and when tested, appellant produced intoxilyzer results of .13.

Appellant has raised three issues for our consideration of which the second and third represent the same thesis propounded somewhat differently. In view of our disposition of this case, we need address only this central claim.[1]

It is contended that the court-established admission criteria [2] for Accelerated Rehabilitative Disposition (ARD) are so restrictive as to render the program unavailable in driving under the influence cases, thereby undermining the policy which ARD was intended to implement. Alternatively, it is argued that the Huntingdon County criteria results in a formulaic, inflexible, and therefore illegal sentencing procedure. Appellant contends that only those offenders specifi-

---

**1.** Appellant's first issue concerns the admissibility of the intoxilyzer results since the machine used had not been approved prior to his test. It had been approved prior to trial, however, which satisfies 75 Pa.C.S.A. § 1547(c)(1). *See Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431 (1984).

**2.**   1.   The chemical test reading, whether blood test or breathalizer, is below .15. Since those who refuse the test have no reading, they do not qualify.
   2.   There was no accident.
   3.   No prior misdemeanor or felony convictions or ARDs.
   4.   None of the other statutory exceptions apply.
   5.   The Court Reporting Network test shows no alcohol dependence problem or alcohol abuse problem.
   6.   The defendant has been cooperative with the police.
   7.   The defendant has had a valid insurance policy in force at the time of the incident in accordance with Section 1552 of Act 289 of 1982.
   8.   The defendant had a valid drivers license at the time of the incident which was not under suspension or revocation.

cally excluded by the provisions of the Act,[3] under which rubric he does not fall, should be prevented from entry into the program.

We find that although we must take issue with appellant's minor premise, we agree with his major one(s). We base our decisions on the recent decision of our Supreme Court in *Commonwealth v. Lutz*, et al. 508 Pa. ——, 495 A.2d 928 (1985). *Lutz* dealt, inter alia, with the question of whether rules that were in contravention of Supreme Court ARD rules could be promulgated by courts of common pleas pursuant to the statute. Justice Flaherty, writing for the court, albeit on a procedural question, found that:

> Assuming, *arguendo*, as it has been asserted, that the Motor Vehicle Code does *require* Courts of Common Pleas to establish ARD programs in which all first offenders charged under Section 3731 (drunk driving) must be placed on ARD, such statutory provision, since it is in contravention of the rules of this Court, would be invalid. Art. 5 § 10, Pa. Const. *A fortiori*, rules or practices *voluntarily* established by courts of common pleas in contravention of the rules of this Court, are *per se* invalid.

*Lutz*, 508 Pa. at ——, 495 A.2d 928.

▮▮▮ Because ARD is a pre-trial disposition, its governance lies at the discretion of the district attorney, not that of the court. *See Lutz*, 508 Pa. at ——, 495 A.2d 928. And, in any event, the rules challenged here do differ materially from the policy at which establishment of the ARD program was directed, i.e., an alternative to punishment in certain classes of cases. Pa.R.Crim.P. 175–185. They also remove all flexibility from the eventual sentencing disposition. In effect, when used by the court pre-trial to disapprove entry into ARD, they predetermine the post-verdict penalty. They intrude upon the prerogatives of the district attorney, and thus of the Supreme Court's rule making authority, and

---

**3.** These include habitual offenders and those whose alleged actions resulted in serious injury or death to a person other than the defendant.

violate the theory behind individualized sentencing. Unquestionably, the Supreme Court rules require court approval on an individual basis of persons accepted for ARD by the district attorney. The purpose of this requirement is to prevent abuse by the district attorney, and may not be the vehicle by which the court, through local rules, supersedes the discretion conferred on the district attorney. The second function of the court is to clarify the conditions of the ARD program, Pa.R.Crim.P. 179(c), which may be such as those imposed with respect to probation after commission of a crime, except that a fine may not be levied. Pa.R.Crim.P. 182(a).

Case reversed and remanded for reconsideration of appellant's acceptance into ARD in light of this case and *Lutz, supra.*

Jurisdiction relinquished.