## Commonwealth v. Ayers

*Jeffrey E. Leber, assistant district attorney,* for the commonwealth.

*Jack E. Reagle,* for defendant.

FINK, *J.,* June 19, 1986 — Defendant was charged with corruption of minors, indecent assault, harassment, and furnishing liquor or malt or brewed beverages to a minor pursuant to an inci-

dent which allegedly occurred August 24, 1985. The affidavit of probable cause, signed by one Aloysius K. Drapcho, criminal investigator for the state police and well known to this court through a number of years as being trustworthy, set forth the following facts:

"The defendant provided alcoholic beverages to the victim causing her to become intoxicated and did strike the victim and remove her shirt and brassiere exposing her breasts. Accused felt victim's breasts and made her masturbate him. Accused then masturbated himself and ejaculated over victim's breasts. Accused attempted to have victim suck his penis and put his hand inside her pants to feel her vagina."

The affidavit further set forth that the victim was 14 years of age. The affidavit further stated:

"Accused Ayers persuaded victim to come to a beer party at 5:30 a.m. and upon arrival victim discovered that the party was over. Accused gave beer to the victim and when victim tried to leave, accused forced her to stay and did strike her in the face and removed her top clothing exposing her breasts. . . ."

A further statement in the affidavit stated that:

"Accused Ayers threatened to strike victim with his fists if she did not do what *he* wanted her to do and gave her two choices to either have him come inside of her or over her breasts. . . ."

The district attorney signed a motion for Accelerated Rehabilitative Disposition alleging that defendant is 20 years of age, separated from his wife, that he is employed, and this is defendant's first offense. A hearing was held on the district attorney's petition and at the hearing the district attorney stated that the victim is reluctant to testify and "her parents are adamant about the fact that they do not want their

child to testify in this particular matter." The district attorney further indicated that defendant had been in the Army and states that he would like to return.

This court, on the strength of the affidavit signed by a criminal investigator known to this court to be reliable, refused to grant the petition for A.R.D. although this court at the hearing acknowledged the difficulty in prosecuting with a reluctant 14-year-old victim as a witness. It is most obvious to this trial judge that because of the general reluctance of female victims, young and old alike, to testify in a sexual assault case, either due to fear, embarrassment, or coercion in one form or another, perpetrators of sexual assaults enjoy a certain safety from prosecution. Our system simply cannot allow this to continue.

Defense counsel takes the position that the Supreme Court of Pennsylvania has spoken on the issue and, in effect, has stated that an admission into the Accelerated Rehabilitative Disposition program is solely within the province of the office of the district attorney and not subject to rejection by the trial court. Counsel cites the case of *Commonwealth v. Lutz*, 508 Pa. 297 495 A.2d 928 (1985) and also the Superior Court case of *Commonwealth v. Burdge*, 345 Pa Super. 187, 497 A.2d 1367 (1985).

Before we consider the cases cited by counsel for the proposition that the admission of a defendant into the A.R.D. program is *solely* within the discretion of the district attorney, we must first look at another issue, viz., "What, if any, criteria or guidelines have been established for admission into the A.R.D. program?" It has often been stated that the A.R.D. program is not available for persons who have been charged with a serious crime or a crime of violence such as an assaultive crime. The rules themselves, however, do not negate the availability of the program for persons charged with assaultive behavior

or serious crimes except that the comment to rule 177 alludes to the written notice used in Philadelphia County directed to the victim of a crime when there has been an application to admit defendant to the A.R.D. program. The letter states in the appropriate part for defendant "to qualify, he had to have a record free from criminal convictions and, in addition, not be accused of a crime of serious violence. Normally, to qualify for this program the crime must be one in which defendant hurt no one but himself."

It is the view of this court that in alluding to the letter as used by Philadelphia County as aforementioned this general guideline has been cited with approval by the rules committee and, therefore, intended to be used by trial judges. Further, because it does not appear as a specific rule and in light of *Lutz,* this court believes that the rules committee intended the "serious crime — no victim" guideline to be used when the trial courts are asked to determine whether or not the district attorney has abused his discretion in applying for admission to the A.R.D. program.

We, therefore, conclude that there is no specific prohibition under the Rules of Criminal Procedure against a person charged with a violent crime being admitted into the A.R.D. program in an appropriate case.

We now look at the law emerging from *Lutz* and *Burdge.* It is important to note that in the case of *Commonwealth v. Lutz* there were some nine cases over which the Supreme Court of Pennsylvania exercised plenary jurisdiction. All had the same basic facts, all defendants were charged with drunken driving under the Motor Vehicle Code, and in all nine cases the trial court, over objection of the commonwealth and *upon motion of defense counsel* or-

dered defendants to be considered for admission to the program and in two of the nine cases orders were handed down admitting defendant to the program. Not only had the commonwealth failed to file a petition for defendant to be admitted into the A.R.D. program but the commonwealth opposed defendant's application on the grounds that the Rules of Criminal Procedure concerning the A.R.D. program envisioned a court's consideration on the application of the district attorney only and not on the application of defendant.

Mr. Justice Flaherty, in speaking for the *Lutz* court, used language which is confusing to this trial judge, and we suspect to others as well. In one part of the court's opinion it is stated "if the case is submitted for the A.R.D. program, the court *must approve* defendant's admission." This, at first blush, appears to be quite clear and dispositive. However, in going further into the *Lutz* opinion, the above statement seems to lose strength. For instance, in referring to Pennsylvania Rules of Criminal Procedure 175-185, Mr. Justice Flaherty observes that the attorney for the commonwealth may "move that the case be *considered* for the A.R.D. program." The use of the word "considered" would seem to almost dissolve what appears to be the previous mandate aforementioned. Further on in the opinion, Mr. Justice Flaherty states, "It is believed that the district attorney should have *discretion* with respect to which crimes he wishes to prosecute, and the *presence of the judge in the program,* along with defendant and his attorney, precludes any danger that such discretion may be abused." This verbiage, again, seems to remove the compulsion of the initial statement, viz., that the court must approve defendant's admission upon the district attorney's appli-

cation and envisions the issue of whether or not the district attorney has abused his discretion being presented to the court.

In *Commonwealth v. Burdge,* a three-judge panel of Honorable Judge Tamilia, Honorable Judge Montgomery and Honorable Judge Roberts merely used the *Lutz* case to strike down certain admission criteria established by the trial court for the A.R.D. program. This court believes that the *Burdge* case was consistent with the intendment of the A.R.D. program in that each case should be determined on its own set of facts and not determined on a pre-established set of guidelines of the trial court. We would understand that *Burdge* does not do anything to disturb this court's understanding or interpretation of *Lutz* as herein set forth.

Applying this court's interpretation of *Lutz* to the instant case, we review the particular facts of the instant case in light of the discretion of the district attorney. Although we understand that "half a loaf may be better than none" and, therefore, the A.R.D. program may be better than an acquittal, and also that the likelihood of acquittal may be substantial if the victim is reluctant to testify, we nonetheless find that the facts of the instant case as brought out in the A.R.D. hearing and affidavit of probable cause of the officer are so compelling such that we find the district attorney did abuse his discretion in making an application for the A.R.D. program. We find that where a 20-year-old, once married, ex-serviceman, enticed a female child of 14 years of age to go to a nonexistent beer party at 5:30 in the morning and did the things as above set forth under the compulsion of actual physical violence plus serious threats of physical violence, this was not the type of offense intended to be the subject matter of the A.R.D. program. We seriously question whether this was the

"singular incident" type of affair; one which will not likely again occur. We seriously question whether defendant's rehabilitative needs can be met through the A.R.D. program, and thus, the order of this court dated January 2, 1986.