**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard D. CORRIGAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 10, 2009.
Filed Feb. 12, 2010.

Joseph M. Devecka, State College, for appellant.

Anne M. McDonough, Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, GANTMAN and DONOHUE, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Richard D. Corrigan, Jr., ("Corrigan") appeals from the judgment of sentence imposed following his convictions of driving under the influence ("DUI") and driving on the right side of roadway. *See*

75 Pa.C.S.A. §§ 3802(c), 3301. We vacate and remand.

¶ 2 On September 22, 2007, a police officer performed a stop of Corrigan's truck. Upon approaching the truck, the officer observed that Corrigan was visibly intoxicated, and placed him under arrest. Corrigan was taken to a hospital for a blood sample taken. The results of the blood sample indicated a blood alcohol content of 0.30%. Corrigan was charged with the above-mentioned offenses.

¶ 3 Corrigan then waived his right to a preliminary hearing and instead signed an application for inclusion into the Accelerated Rehabilitative Disposition (ARD) Program.[1] The District Attorney of Clearfield County reviewed the application, including Corrigan's prior criminal and driving history, and determined that Corrigan was a candidate for inclusion based upon the statutory guidelines. Pursuant to the policy of the Court of Common Pleas of Clearfield County, the Probation Office reviewed the application and thereafter recommended that it be denied. On February 11, 2008, the trial court found that Corrigan was not eligible for ARD due to his failure to meet the written guidelines promulgated by the judges in Clearfield County. Under these guidelines, offenders are eligible for the ARD program with the exception, *inter alia,* of the following:

1. Any prior conviction or adjudication of a misdemeanor or felony or prior admission into the ARD Program or given a consent decree. However, Defendant shall still be eligible if they have no more than one of the following:

a. One (1) non-violent misdemeanor, which occurred more than ten (10) years ago.

b. One (1) non-violent felony, which occurred more than ten (10) years ago, or

c. A DUI which occurred more than ten (10) years ago with nothing else in their criminal history.

d. One admission into an ARD Program (or consent decree) which was not for DUI and which occurred more than ten (10) years ago.

Clearfield County ARD DUI Guidelines, 1/20/06.

¶ 4 In this case, Corrigan had two misdemeanor simple assault convictions (1984 and 1990), a misdemeanor unauthorized use of a motor vehicle conviction (1988), and a driving under the influence conviction (1991). Without holding a hearing, the trial court applied these convictions to the court-established ARD guidelines and found Corrigan ineligible for the ARD Program. Corrigan objected to the trial court's decision. The case ultimately proceeded to a bench trial on October 17, 2008, after which, the trial court found Corrigan guilty of the above offenses. On December 9, 2008, the trial court sentenced Corrigan to six months of probation on the condition that he would be incarcerated for 72 hours in the Clearfield County Jail. The trial court also ordered Corrigan to pay a $1,000.00 fine.

¶ 5 Corrigan filed a timely Notice of appeal. The trial court ordered Corrigan to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement. Corrigan filed a timely Concise Statement and the trial court issued an Opinion.

---

1. The ARD program is a special pre-trial program for non-violent offenders who have a limited or no prior record. The ARD program takes a rehabilitative stance instead of a punitive one and its purpose is to include in the program those defendants who will respond to the treatment and, therefore, decrease their chance of future incidents.

¶ 6 On appeal, Corrigan raises the following question for our review: "Did the ARD court manifestly abuse its discretion by overruling the District Attorney's office by alleging standards that would automatically place the ARD court in the position of overruling the said office?" Brief for Appellant at 4 (capitalization omitted).

¶ 7 Corrigan contends that the trial court abused its discretion in denying him placement in the ARD program based upon guidelines that overrule the decision made by the District Attorney. *Id.* at 8. Corrigan argues that the District Attorney had access to his criminal record when making his recommendation to the ARD program and that the trial court improperly used the court-established guidelines to deny Corrigan's inclusion in the ARD program. *Id.* at 10. Corrigan claims that his sentence should be overturned and that he should be admitted into the ARD program. *Id.*

¶ 8 The Commonwealth agrees with Corrigan's argument and also contends that the trial court erred in failing to hold a hearing on the District Attorney's Motion for Corrigan's admission into the ARD program. Brief for the Commonwealth at 4. The Commonwealth argues that the trial court's ARD guidelines improperly infringe on the discretion of the District Attorney because the guidelines are inflexible as they do not provide exceptions for individual differences and fail to give the respective parties an opportunity to demonstrate why the defendant should be admitted into the ARD program. *Id.* at 4–6. The Commonwealth further argues that the guidelines deviate from the Motor Vehicle Code and the Rules of Criminal Procedure and impose restraints upon the District Attorney that were not envisioned or authorized by the legislature. *Id.* at 7–8. The Commonwealth claims that the guidelines are an unauthorized exercise of legislative power by the trial court. *Id.* at 6, 8.

¶ 9 As noted above, ARD "is a pre-trial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 931 (1985). The primary purpose of the ARD program is the rehabilitation of the offender and the prompt disposition of the charges which would eliminate the need for costly and time-consuming court proceedings. The Supreme Court of Pennsylvania promulgated Chapter Three of the Rules of Criminal Procedure to provide a procedural framework for the employment of ARD. *See* Pa.R.Crim.P. 300–320. The Criminal Rules do not specify the classes of offenses or offenders that are eligible for ARD. Instead, Criminal Rule 300 indicates that the district attorney in each respective county is responsible for designating which classes of offenses or offenders may not be considered for ARD. *See* Pa.R.Crim.P. 300(B)(2) (stating that the district attorney, by filing a certification with the president judge, may "designate certain classes of offenses or offenders, in addition to those statutorily excluded, that shall not be considered for summary case ARD."); *see also* Pa.R.Crim.P. 300, cmt. The President Judge in each County must formulate local procedures, that are in addition to the Rules of Criminal Procedure, for the actual implementation of ARD programs, to take account of special dispositional and administrative requirements of summary cases within their County. *See* Pa. R.Crim.P. 300(D). However, the President Judge must implement, without change, the District Attorney's designa-

tions under Criminal Rule 300(B). *See* Pa.R.Crim.P. 300, cmt. (citing *Lutz*, 495 A.2d at 932). Furthermore, once the District Attorney moves for the defendant's inclusion into the ARD program, the court must hold a hearing in open court wherein it will hear the facts of the case as presented by the Commonwealth's attorney in addition to any evidence set forth by the defendant, and thereafter make a decision. *See* Pa.R.Crim.P. 313, 312, 302.

¶ 10 While the Criminal Rules allow for the use of ARD upon the discretion of the district attorney and approval of the trial court, the Legislature mandated that, under the Motor Vehicle Code, the Courts of Common Pleas must establish ARD Programs in drunk driving cases:

> The court of common pleas in each judicial district and the Municipal Court of Philadelphia shall establish and implement a program for Accelerated Rehabilitative Disposition for persons charged with a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) in accordance with the provisions of this chapter, Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs) and rules adopted by the Supreme Court.

75 Pa.C.S.A. § 1552. The Legislature has further set forth limitations to the eligibility requirements for ARD:

**(a) Eligibility.—**

(1) Except as set forth in paragraph (2), a defendant charged with a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) may be considered by the attorney for the Commonwealth for participation in an Accelerated Rehabilitative Disposition program in a county if the program includes the minimum requirements contained in this section.

(2) The attorney for the Commonwealth shall not submit a charge brought under this chapter for Accelerated Rehabilitative Disposition if any of the following apply:

(i) The defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under section 3802 within ten years of the date of the current offense unless the charge was for an ungraded misdemeanor under section 3802(a)(2) and was the defendant's first offense under section 3802.

(ii) An accident occurred in connection with the events surrounding the current offense and an individual other than the defendant was killed or suffered serious bodily injury as a result of the accident.

(iii) There was a passenger under 14 years of age in the motor vehicle the defendant was operating.

75 Pa.C.S.A. § 3807(a) (effective November 29, 2004, to February 15, 2010).[2]

¶ 11 Initially, we will analyze our Supreme Court's decision in *Lutz, supra*, and this Court's decision in *Commonwealth v. Burdge*, 345 Pa.Super. 187, 497 A.2d 1367 (1985), which examine the application of ARD in relation to drunk driving cases.[3] In *Lutz*, the Supreme Court stated that under the Rules of Criminal Procedure

---

**2.** We note that the Legislature has rewritten section 3807 (effective February 16, 2010) to update section (b), Evaluation and treatment. Section 3807(a) as set forth above has not been changed in the update.

**3.** The decisions in *Lutz* and *Burdge* analyze prior versions of the Rules of Criminal Procedure and the Motor Vehicle Code. However, we conclude that the analysis utilized by the Courts is highly relevant and applicable to the presently constituted Rules and Code.

promulgated by the Supreme Court, district attorneys have the sole discretion in any criminal cases, including drunk driving cases subject to the exceptions listed in the Motor Vehicle Code, to move for the admission of a defendant into ARD. *Lutz*, 495 A.2d at 932. The Supreme Court summarized its holding as follows:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.* at 935 (emphasis in original).

¶ 12 The *Burdge* Court analyzed the *Lutz* holding in determining whether court-established criteria regarding admission into ARD were valid. In *Burdge*, the defendant was arrested after his car crossed the center line and collided with another car and the arresting officer noticed that the defendant had visible signs of intoxication, impaired gait, and slurred speech. *Burdge*, 497 A.2d at 1368. The defendant was denied inclusion into the county's ARD program and subsequently found guilty of DUI. *Id.* In denying the admission into the ARD program, the Court of Common Pleas of Huntingdon County found that the defendant did not qualify for ARD based upon the following court-established criteria:

1. The chemical test reading, whether blood test or breathalizer, is below .15. Since those who refuse the test have no reading, they do not qualify.

2. There was no accident.

3. No prior misdemeanor or felony convictions or ARDs.

4. None of the other statutory exceptions apply.

5. The Court Reporting Network test shows no alcohol dependence problem or alcohol abuse problem.

6. The defendant has been cooperative with the police.

7. The defendant has had a valid insurance policy in force at the time of the incident in accordance with Section 1552 of Act 289 of 1982.

8. The defendant had a valid drivers license at the time of the incident which was not under suspension or revocation.

*Id.* at 1368 n. 2.

¶ 13 The *Burdge* Court rejected the trial court's use of the court-established criteria, recognizing that the rules controlling ARD require trial courts to consider each case on an individual basis and described the above criteria to be formulaic and inflexible. *Id.* at 1368–69. The Court further stated that the criteria also intruded upon the district attorney's authority because it discouraged the district attorney from proposing the admission of any defendant who could not meet the relevant requirements. *Id.* at 1369. The Court held that the Rules of Criminal Procedure provide that the district attorney may move for the admission of any defendant he chooses into ARD and that the County's rules circumscribed this discretion by rendering it meaningless. *Id.* Therefore, the Court concluded that the trial court's use of the criteria was invalid because a trial court's obligation in the ARD process is to consider each case on an individual basis to determine if it warrants ARD. *Id.* The Court further concluded that the trial court may not promulgate general rules

which interfere with the district attorney's discretion. *Id.*

¶14 The holdings of *Lutz and Burdge* indicate that the Rules promulgated by the Supreme Court, modified by section 3807 of the Motor Vehicle Code (prohibiting certain offenses and offenders from eligibility into the ARD program), are the sole applicable criteria to govern the procedures for admission into the ARD program. *See Lutz,* 495 A.2d at 932, 935–36; *Burdge,* 497 A.2d at 1368–69; *see also* Pa.R.Crim.P. 311–320, 302, 300. We find the *Lutz* and *Burdge* holdings to be highly persuasive and applicable to this case.

¶15 Here, the Clearfield County Court of Common Pleas promulgated guidelines as to whether a defendant is eligible for ARD. *See* Trial Court Opinion, 3/31/09, at 2 (stating that "[t]he judges in Clearfield County have adopted guidelines for acceptance into the ARD Program for individuals charged with [DUI]."). The utilization of these guidelines by the Clearfield County Court of Common Pleas directly contravenes the Rules of Criminal Procedure and the Motor Vehicle Code. *See Lutz,* 495 A.2d at 936 (stating that "rules or practices voluntarily established by courts of common pleas in contravention of the rules of this Court, are *per se* invalid."). Indeed, Chapter Three of the Rules of Criminal Procedure requires that the District Attorney determine the offenses and offenders that are eligible for ARD, subject to the exceptions listed by the Legislature in the Motor Vehicle Code. *See id.* at 935 (stating that "the decision to submit the case for ARD rests in the sound discretion of the district attorney[.]"); *Commonwealth v. Stranges,* 397 Pa.Super. 59, 579 A.2d 930, 932–33 (1990) (en banc) (collecting cases and stating that it is within the district attorney's discretion as to whether a defendant's case may proceed under ARD); *see also* Pa. R.Crim.P. 300(B)(2). The guidelines promulgated by Clearfield County "remove all flexibility from the eventual sentencing disposition." *Burdge,* 497 A.2d at 1369.

In effect, when used by the court pretrial to disapprove entry into ARD, they predetermine the post-verdict penalty. They intrude upon the prerogatives of the district attorney, and thus of the Supreme Court's rule making authority, and violate the theory behind individualized sentencing. Unquestionably, the Supreme Court rules require court approval on an individual basis of persons accepted for ARD by the district attorney. The purpose of this requirement is to prevent abuse by the district attorney, and may not be the vehicle by which the court, through local rules, supersedes the discretion conferred on the district attorney.

*Id.*

¶16 Furthermore, contrary to the procedure employed by the trial court, after the district attorney moves for the defendant's inclusion into ARD, a full hearing must be held at which evidence related to the offenses is presented. *See* Pa.R.Crim.P. 313, 312, 302. Therefore, because the Clearfield County ARD guidelines are inflexible, make a predetermination of a defendant's eligibility in the ARD program, intrude upon the discretion of the district attorney, and deviate from Chapter Three of the Rules of Criminal Procedure, we conclude that the trial court erred in applying the Clearfield County court-established ARD guidelines to determine Corrigan's eligibility in the ARD program. *See Lutz,* 495 A.2d at 935–36 (stating that rules promulgated by Courts of Common Pleas which determine the eligibility of offenders into the ARD program would be invalid as they would violate the

Rules promulgated by the Supreme Court); *Burdge,* 497 A.2d at 1369.

¶ 17 On remand, the trial court must allow the district attorney to decide the merits of Corrigan's inclusion into the ARD program subject to the exclusions outlined by the Legislature in the Motor Vehicle Code. *See* Pa.R.Crim.P. 302. If the district attorney again chooses to admit Corrigan, the trial court must hold a hearing during which each party must be allowed the opportunity to present evidence. *See* Pa.R.Crim.P. 313. After the hearing, the trial court may then decide whether to accept the defendant into the ARD program. *See* Pa.R.Crim.P. 313(C) (stating that "[a]fter hearing the facts of the case, if the judge believes that it warrants accelerated rehabilitative disposition, the judge ... shall state to the parties the conditions of the program. If the judge does not accept the case for accelerated rehabilitative disposition, the judge shall order that the case proceed on the charges as provided by law."). Based upon the foregoing, we vacate the judgment of sentence and remand to the trial court for reconsideration of Corrigan's ARD application in compliance with Chapter Three of the Rules of Criminal Procedure.

¶ 18 Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.