J-S62027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH L. PARNES, | |
| Appellant | No. 2854 EDA 2013 |

Appeal from the PCRA Order of September 18, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000407-2012

BEFORE: ALLEN, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 08, 2014**

Appellant, Joseph L. Parnes, appeals from the order entered on September 18, 2013, denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background of this case is as follows. On December 2, 2011, Appellant slashed the tire of a vehicle owned by Martin Tallent ("Tallent"). After Tallent called police, Appellant threatened to stab Tallent, throw him down the stairs, and beat him to within an inch of his life.

The procedural history of this case is as follows. On December 3, 2011, Appellant was charged via criminal complaint with making terroristic threats, criminal mischief, and harassment. A criminal information charging those same offenses was filed on February 16, 2012. On March 22, 2012, pursuant to a plea agreement, Appellant pled guilty to making terroristic

threats and criminal mischief. In return for his plea, the harassment charge was dismissed. Appellant was immediately sentenced to an aggregate term of three years of probation. Appellant did not file a direct appeal.

On February 15, 2013, Appellant filed a counseled PCRA petition. An evidentiary hearing was held on August 9, 2013. On September 18, 2013, the PCRA court denied Appellant's petition. Appellant timely appealed. Appellant's privately retained counsel then sought leave from this Court to withdraw from representing Appellant. We granted counsel's request and remanded for a determination of whether Appellant was entitled to court-appointed counsel. On February 12, 2014, the PCRA court determined that Appellant was not entitled to appointed counsel. Appellant then retained new counsel who complied with the PCRA court's order to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant's lone issue on appeal was included in his concise statement.

Appellant presents one issue for our review:

Whether the decision of the [PCRA court, denying] Appellant's PCRA petition, constituted abuse of discretion and error of law, where Appellant's trial counsel failed to adequately and effectively explore Appellant's admission into [] Accelerated Rehabilitative Disposition ("ARD") [], where there was a reasonable probability that proper application and review by the District Attorney would have culminated in Appellant's admission into [] ARD[?]

Appellant's Brief at 4 (quotation marks added).

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA

- 2 -

court's determination is free of legal error." ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant's claim relates to the purported ineffectiveness of his trial counsel. A "defendant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013) (internal quotation marks and citation omitted). "Trial counsel is presumed to be effective." ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014) (citation omitted).

In order to overcome the presumption that counsel was effective, Appellant must establish that "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his client's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Luster***, 71 A.3d 1029, 1039 (Pa. Super. 2013) (*en banc*), *appeal denied*, 83 A.3d 414 (Pa. 2013) (internal alterations, quotation marks, and citation omitted).

The petitioner bears the burden of proving his counsel was ineffective. *See Commonwealth v. Williams*, 980 A.2d 510, 520 n.12 (2009). "A failure to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." *Commonwealth v. Ly*, 980 A.2d 61, 73 (Pa. 2009).

Appellant argues that his trial counsel was ineffective for failing to pursue ARD. We conclude that Appellant has failed to prove the requisite prejudice to establish a claim of ineffective assistance of counsel. "It is well-established . . . that district attorneys have the sole discretion in moving for admission of a defendant into ARD[.]" *Commonwealth v. LaBenne*, 21 A.3d 1287, 1291 (Pa. Super. 2011) (citation omitted). James Miller ("Miller"), the supervisor of the district attorney unit responsible for screening applicants for admission into ARD, testified at the PCRA hearing that when a victim is opposed to ARD, the defendant "certainly [does not] get ARD." N.T., 8/9/13, at 51. He further testified that if the assistant district attorney assigned to a case states that he or she is adamantly opposed to an individual receiving ARD, and his or her reasons are sensible, the defendant would not be permitted to participate in ARD. *See id.* at 53. The PCRA court found Miller's testimony credible. *See* PCRA Court Opinion, 5/14/14, at 5.

Trial counsel testified at the PCRA hearing that he discussed the possibility of ARD with the assistant district attorney assigned to the case.

When ARD was discussed, the assistant district attorney gave a "categorical no." N.T., 8/9/13, at 63. The assistant district attorney told trial counsel that "they were taking [the case] very seriously" because of prior charged and uncharged disputes involving Appellant. *Id.* at 65. The district attorney also stated "that the victims were opposed to any kind of ARD[.]" *Id.* at 66. Based upon Miller's and trial counsel's testimony, the PCRA court concluded that any failure of trial counsel to apply formally for ARD on behalf of Appellant was not prejudicial. PCRA Court Opinion, 5/14/14, at 5. It concluded that even if trial counsel would have formally applied to the district attorney's office, the request for ARD would have been denied. *See id.*

The PCRA court's conclusion is clearly supported by the record. Miller testified that, if the assistant district attorney assigned to the case had a sensible reason for objecting to a defendant receiving ARD, then his office would not approve an application for ARD. The assistant district attorney's reasoning for opposing ARD for Appellant, his history of charged and uncharged behavior, was clearly sensible. Likewise, Miller testified that when a victim opposes ARD his office does not approve a defendant's ARD application. The assistant district attorney stated that the victims in this case opposed ARD. Accordingly, we agree with the PCRA court that even if Appellant had applied for ARD he would have been rejected.

Although it is clear that Appellant would not have received ARD had he applied, we consider whether such a denial would have been an abuse of discretion. If the district attorney's denial was an abuse of discretion, then trial counsel had an obligation to apply for ARD, and then file an appropriate motion with the trial court if the application were denied.

Appellant, relying upon *Commonwealth v. Kiehl*, 509 A.2d 1313 (Pa. Super. 1986), argues that the district attorney cannot summarily reject a person for ARD consideration. Appellant's Brief at 14. However, *Kiehl* articulates that a district attorney must have a reason for rejecting an individual's application for ARD instead of stamping each application denied without considering the facts of each case. *See Commonwealth v. Lutz*, 495 A.2d 928, 934–935 (Pa. 1985). As noted above, Miller stated that he requires assistant district attorneys who oppose ARD to state the reason for their opposition. This shows that the district attorney does not summarily reject ARD applications but rejects them based upon policy decisions after case-by-case consideration. It is not for this Court to second-guess those policy decisions. *See id.*

As this Court has explained:

> [A]bsent an abuse of [the district attorney's] discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion[,] or other such obviously prohibited considerations, the attorney for

the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

***Commonwealth v. Corrigan***, 992 A.2d 126, 130 (Pa. Super. 2010) (emphasis removed; citation omitted).

As Appellant correctly notes, it would be an abuse of discretion for the district attorney to blindly follow the recommendation of an outside individual, like the victim. ***See Commonwealth v. Pypiak***, 728 A.2d 970, 973 (Pa. Super. 1999). However, in this case the evidence was clear that even if the victim had not opposed ARD, Appellant would not have received ARD because of his prior charged and uncharged conduct. This was based upon the district attorney's own review of the record, and not based upon the outside recommendation of any individual. Appellant's prior charged and uncharged conduct clearly relates to what is most beneficial for both society and Appellant. Therefore, it would not have been an abuse of discretion on the part of the district attorney to deny Appellant's request for ARD. Thus, even if trial counsel had requested ARD, the district attorney would have denied Appellant's request and the trial court could not compel the district attorney to accept Appellant's application. Accordingly, any failure by trial counsel to file a formal application for ARD did not prejudice Appellant.

Finally, Appellant argues that the Delaware County District Attorney's amended policies with respect to consideration of ARD applications should apply retroactively. Appellant correctly notes that an appellant will normally be given the benefit of a change in the law while his direct appeal is pending. Appellant, however, confuses a direct appeal with an appeal from the denial of a petition for collateral review. A direct appeal is one taken from the judgment of sentence -- it is not an appeal taken from an order denying PCRA relief (as in the present case). Except in very limited circumstances not implicated in this case, an appellant is not afforded the retroactive effect of a change in the law when that change occurs after his judgment of sentence becomes final. Therefore, Appellant's reliance on the Delaware County District Attorney's amended policies with respect to consideration of ARD is misplaced.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014