2024 PA Super 302

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGAN DANIELLE WORZEL | : | No. 2298 EDA 2023 |

Appeal from the Order Entered August 23, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000098-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and BECK, J.

OPINION BY BECK, J.: **FILED DECEMBER 18, 2024**

The Commonwealth appeals from the order entered by the Pike County Court of Common Pleas ("trial court") dismissing the criminal information charging Megan Danielle Worzel ("Worzel") with driving under the influence of alcohol ("DUI") and traffic offenses following her completion of the Accelerated Rehabilitation Disposition program ("ARD"). The Commonwealth argues that the trial court was statutorily required to terminate Worzel's participation in ARD upon her violation of a court ordered condition. The Commonwealth additionally asserts that the trial court unlawfully ordered it to file a petition to expunge Worzel's record. Because we conclude that the trial court is not required to terminate ARD when an offender violates a condition imposed by the court, we affirm that portion of the order. We vacate, however, the portion of the order directing the Commonwealth to file a petition for expungement,

and remand for further proceedings consistent with Rule of Criminal Procedure 320.

The factual allegations underlying Worzel's crimes are irrelevant to the issues presented on appeal. The pertinent fact is that the Commonwealth offered to resolve the case via ARD, which Worzel accepted. On June 30, 2021, the trial court agreed to the arrangement and ordered Worzel to comply with several requirements as monitored by the Pike County Probation Office. One of these conditions was of the court's own making,[1] requiring Worzel to "refrain from the possession and/or consumption of alcohol and refrain from entering establishments where alcohol is served" during the six-month period of supervision. Trial Court Order, 6/30/2021, at 2 (unnumbered).

On December 14, 2021, i.e. approximately two weeks before her supervisory period was set to expire, Worzel reported to the probation office for a random drug test. The preliminary screen indicated the presence of alcohol, and Worzel admitted to drinking alcohol. A full lab test, completed on December 30, 2021, confirmed the preliminary result. The Commonwealth thereafter filed a motion to terminate Worzel's participation in ARD. Following a hearing, the trial court found that Worzel violated the condition prohibiting alcohol consumption but denied the Commonwealth's motion to terminate.

---

[1] The trial court described the condition as being part of "the terms of the Pike County ARD Program[.]" Trial Court Opinion, 11/7/2023, at 3. Thus, while this condition was included in the order accepting Worzel for ARD, it appears the restriction is part of the standard order.

- 2 -

The court instead "extended" the supervision "for an additional period of ninety … days" from April 27, 2022. Trial Court Order, 4/27/2022, at 2 (unnumbered). The Commonwealth appealed, but we quashed the appeal because it was a non-appealable order. *Commonwealth v. Worzel*, 1457 EDA 2022 (Pa. Super. Apr. 20, 2023) (non-precedential decision).

During the pendency of that appeal, the Pike County Probation Office submitted paperwork certifying that Worzel successfully completed ARD as modified by the court's April 27, 2022 order. Pursuant to its belief that the trial court had unlawfully rejected its termination request and that Worzel had not, in fact, successfully completed ARD, the Commonwealth reinstituted the DUI charge by filing a criminal information. Worzel filed a motion to dismiss pursuant to Pa.R.Crim.P. 319 based upon her successful completion of ARD. The trial court agreed with Worzel and dismissed the information. The court also ordered the Commonwealth to file a petition to expunge Worzel's record.

The Commonwealth timely appealed and filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion, explaining that while Worzel "was found to have technically violated the terms of the Pike County ARD Program," it concluded termination was not justified because Worzel "would benefit more from an extended term of supervision[.]" Trial Court Opinion, 11/7/2023, at 4, 5. The Commonwealth presents two issues for our review.

> 1. Whether the [trial] court erred in dismissing the criminal information filed against [Worzel], after the lower court found that

appellee had violated the terms and conditions of her admission into the [ARD] program?

2. Whether the [trial] cour[t] erred in ordering the Commonwealth to file a petition to expunge the record of [Worzel]?

Commonwealth's Brief at 4.

Citing section 3807 of the Vehicle Code, the Commonwealth asserts that the trial court was mandated to terminate Worzel's ARD upon its finding that Worzel consumed alcohol in violation of the conditions of ARD. *Id.* at 10-11; *see* 75 Pa.C.S § 3807(e)(1), (2)(iii) (stating, in pertinent part, that "[a] defendant who fails to complete any of the conditions of participation contained in this section shall be deemed to have unsuccessfully participated in an Accelerated Rehabilitative Disposition program" and "[t]he court shall direct the attorney or the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure if the defendant … violates any other condition imposed by the court").

As to the statutory reference to the Rules of Criminal Procedure, the Commonwealth highlights that the relevant provisions, all of which are contained within Chapter 3, "do[] not provide concrete guidance on the proper procedure to follow when the Commonwealth is objecting to dismissal of charges[.]" The Commonwealth maintains that because these provisions do not provide guidance, the plain language of section 3807 unambiguously required the trial court to terminate Worzel's ARD upon finding that she

consumed alcohol. *Id.* at 15 (asserting that the trial court "ignore[d] the plain reading").

Responding to the permissive language of Rule 318 authorizing the judge to terminate participation "when appropriate" upon finding a condition was violated,[2] the Commonwealth argues that the text "may well [apply] in a non-DUI ARD case," but it views the statutory terms of section 3807(e) as overriding that discretion for DUI cases. *Id.* at 17. In this regard, the Commonwealth emphasizes that the General Assembly "has properly enacted provisions regarding entry into an ARD program," and thus, by extension, "can control the removal of a person from ARD upon the finding by the court of a violation of conditions of the program." *Id.* at 14, 17; *see also* 75 Pa.C.S. § 3807(a)(2)(iii) (a defendant charged with DUI is ineligible for ARD if a passenger under fourteen years of age was in the defendant's vehicle). The Commonwealth argues that our decision in *Commonwealth v. Corrigan*, 992 A.2d 126 (Pa. Super. 2010), wherein we held that a trial court erred by refusing to admit an individual to ARD because the defendant did not meet local guidelines promulgated by the county judges, supports this point.

---

[2] As discussed in detail below, Rule 318 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part, "If the judge finds that the defendant has committed a violation of a condition of the program, the judge **may order, when appropriate**, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law." Pa.R.Crim.P. 318(C) (emphasis added).

Commonwealth's Brief at 13; *see Corrigan*, 992 A.2d at 131. Specifically, the Commonwealth argues that "the Rules promulgated by the Supreme Court, modified by section 3807 … are the sole applicable criteria to govern the procedures for admission into the ARD program." Commonwealth's Brief at 13 (quoting *Corrigan*, 992 A.2d at 131). In the Commonwealth's view section 3807(e)(2)(iii) reflects a statutory judgment that any person found to have violated a condition imposed by the court is ineligible for continued participation in the ARD program. *Id.* at 15-17.

Worzel responds that the Commonwealth's citation to *Corrigan* is inapt, as there is a significant difference between restrictions on when a person may be admitted to ARD versus when a person should be terminated. In her view, Chapter 3 of the Rules of Criminal Procedure exclusively governs removal and provides the trial court with the discretion to terminate ARD upon finding the defendant in violation of the conditions of ARD. *See* Worzel's Brief at 13-14. Addressing section 3807, Worzel distinguishes the "express conditions" of the ARD program from "a condition of her supervision within the ARD program." *Id.* at 13. The condition violated was imposed by the court itself, and Worzel stresses that the trial court has a role in monitoring an ARD participant's progress. She submits that adopting the Commonwealth's view would "divest the Court of Common Pleas from ... supervising the ARD program within its discretion, and invest same to the district attorney's office." *Id.* at 14.

Our consideration of the Commonwealth's claims requires that we undertake an analysis of the relevant enactments. The Statutory Construction Act[3] ("the Act") states that our task is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a).[4] If the text is unambiguous, we may not disregard the plain meaning in favor of advancing the spirit or policy aims of the statute. The Act also states that we shall presume "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2); *see also Commonwealth v. Taylor*, 309 A.3d 754, 790 (Pa. 2024) (stating that when interpreting a statute, courts must give effect to all provisions). Statutory interpretation presents a pure question of law, and our standard of review is de novo. *Commonwealth v. Gamby*, 283 A.3d 298, 304 (Pa. 2022).

We begin our discussion by briefly explaining ARD's role in the criminal justice system. In *Commonwealth v. Lutz*, 495 A.2d 928 (Pa. 1985), our Supreme Court explained that it created ARD in 1972 pursuant to its authority to supervise the lower courts based upon its "belief ... that some 'cases which

_____

[3] 1 Pa.C.S. §§ 1501-1991.

[4] At the time Worzel's claim arose, the Statutory Construction Act applied to our analysis of the Rules of Court, wherein we endeavor to discern and apply the intent of our Supreme Court when enacting the Rule(s) in question. Pa.R.Crim.P. 101(C) ("To the extent practicable, these rules shall be construed in consonance with the rules of statutory construction."); *see also Commonwealth v. McClelland*, 233 A.3d 717, 733 (Pa. 2020) (stating that the Act applies to our interpretation of the Rules of Criminal Procedure). We note that, effective January 1, 2024, the Rules of Judicial Administration apply to the construction of procedural or evidentiary rules adopted by our Supreme Court. *See* Pa.R.J.A. 104.

are relatively minor or which involve social or behavioral problems … can best be solved by programs and treatments rather than by punishment.'" *Id.* at 931 (citation omitted). ARD "suspend[s] prosecution … in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Id.* Whether a prosecution should be suspended in favor of ARD is an exercise of prosecutorial discretion. Pa.R.Crim.P. 310 ("After criminal proceedings in a court case have been instituted, the attorney for the Commonwealth may move, before a judge empowered to try court cases, that the case be considered for accelerated rehabilitative disposition."). *See also Commonwealth v. LaBenne*, 21 A.3d 1287, 1291–92 (Pa. Super. 2011) ("[D]istrict attorneys have the sole discretion in moving for admission of a defendant into ARD[.]").

In 1982, the General Assembly enacted a statute requiring each county to create an ARD program for DUI offenses. 75 Pa.C.S. § 1552. With respect to statutory provisions precluding ARD in some circumstances, our High Court described those criteria as involving "procedural matters … concerning certain drunk drivers who may *not* be admitted to ARD[.]" *Lutz*, 495 A.2d at 931-32 (emphasis in original).

With this background in mind, we return to the statutory text. For ease of reference and purposes of completeness, we quote the entirety of section 3807(e).

**(e) Failure to comply.--**

(1) A defendant who fails to complete any of the conditions of participation contained in this section shall be deemed to have unsuccessfully participated in an Accelerated Rehabilitative Disposition program, and the criminal record underlying participation in the program shall not be expunged.

(2) The court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure if the defendant:

    (i) fails to meet any of the requirements of this section;

    (ii) is charged with or commits an offense under 18 Pa.C.S. (relating to crimes and offenses); or

    (iii) violates any other condition imposed by the court.

75 Pa.C.S. § 3807.

There are two Rules of Criminal Procedure that have applicability here.

Rule 318, titled "Procedure on Charge of Violation of Conditions," states in full:

(A) If the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court.

(B) A motion alleging such violation filed pursuant to paragraph (A) must be filed during the period of the program or, if filed thereafter, must be filed within a reasonable time after the alleged violation was committed.

(C) When the defendant is brought before the court, the judge shall afford the defendant an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from such order.

Pa.R.Crim.P. 318.

Rule 319 applies to a motion for dismissal of criminal charges upon completing ARD, which Worzel filed in this case. Worzel stated within this motion that she "is entitled to a dismissal and expungement of her charges pursuant to [Rule] 319." Motion to Dismiss, 8/2/2023, at 2 (unnumbered). The Commonwealth filed objections, asserting that section 3807(e)(1) precluded dismissal as Worzel "unsuccessfully participated" in the ARD program, notwithstanding the trial court's order extending the supervision period. As it pertains to the Commonwealth's objection to the dismissal of charges, Rule 319 simply refers back to Rule 318: "If there are objections filed with regard to the dismissal of charges, the judge shall proceed as set forth in Rule 318." Pa.R.Crim.P. 319.

After our careful review and consideration, we conclude that the operation of this statute in conjunction with the rules is ambiguous as both parties offer reasonable interpretations. *See A.S. v. Pennsylvania State Police*, 143 A.3d 896, 905–06 (Pa. 2016) ("A statute is ambiguous when there are at least two reasonable interpretations of the text."). The Commonwealth's argument that 75 Pa.C.S. § 3807(2)(iii) divests the trial court of discretion is supported by the use of the term "shall." Generally, "[t]he word 'shall' carries an imperative or mandatory meaning." *Appeal of Pierce*, 843 A.2d 1223, 1231 (Pa. 2004). Thus, the phrase "shall direct the attorney … to proceed … if the defendant … violates any other condition imposed by the court" plausibly divests the trial court of discretion to do

- 10 -

anything other than order the Commonwealth to proceed with a criminal prosecution upon finding a defendant in violation.

Worzel's alternative interpretation is likewise reasonable. In conjunction with the General Assembly's statement that the court "shall direct the attorney for the Commonwealth to proceed on the charges," it incorporated the procedure as set forth "in the Rules of Criminal Procedure," which includes the discretionary language permitting the judge to "order, when appropriate, that the program be terminated" after Worzel consumed alcohol in violation of her ARD conditions. Pa.R.Crim.P. 318(C). Additionally, an ongoing ARD prevents the Commonwealth from proceeding with a prosecution. *See* Pa.R.Crim.P. 314 (stating that "the judge shall order that no information shall be filed" when defendant is accepted into ARD before a criminal information is filed); Pa.R.Crim.P. 315 (stating that "the judge shall order that further proceedings on the charges shall be postponed during the term of the program" when the defendant is accepted into ARD after an information has been filed). Accordingly, the Commonwealth is prohibited from filing a criminal information—or resuming the prosecution if one had already been filed—unless and until the trial court terminates ARD and orders the proceedings to resume. By its plain terms, Rule 318 confers the trial court with discretion to terminate or not. Because the General Assembly's scheme expressly incorporates these rules, Worzel's reading is legally supportable.

As stated above, the Commonwealth attempts to reconcile these competing views by concluding that Chapter 3 applies only to non-DUI cases. There are two flaws with this theory. First, this argument fails to address the fact that the General Assembly chose to reference the Rules of Criminal Procedure, without limitation. "We are not permitted to ignore the language of a statute, nor may we deem any language to be superfluous." *Commonwealth v. McCoy*, 962 A.2d 1160, 1168 (Pa. 2009). The second flaw is that we must presume that the General Assembly did not intend to violate our Constitution. 1 Pa.C.S. § 1922(3). The *Lutz* Court held that "the legislature's creation of an ARD program in the Vehicle Code was subject to Chapter 3 of the Rules and could not authorize practices inconsistent with those rules[.]" *Commonwealth v. McCabe*, 265 A.3d 1279, 1286 (Pa. 2021) (summarizing *Lutz*). Accordingly, the Commonwealth's implicit concession that its construction of the statute overrides our Rules of Court creates a constitutional conflict. It is not enough to say that the General Assembly intended to override the Rules of Criminal Procedure; the Commonwealth must explain how the General Assembly was constitutionally permitted to do so consistent with the *Lutz* decision.

We need not resolve the constitutional issue, however, as we conclude that the General Assembly intended for the trial court to retain discretion. *See Commonwealth v. Herman*, 161 A.3d 194, 212 (Pa. 2017) (stating "if a statute is susceptible of two reasonable constructions, one of which would

raise constitutional difficulties and the other of which would not, we adopt the latter construction"). When resolving an ambiguity, the General Assembly has set forth eight non-exhaustive factors to consider when ascertaining its intent:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).

We find that five of these factors are relevant and favor Worzel's interpretation: the occasion and necessity for the ARD statute, the mischief it seeks to remedy, the object of the statute, other statutes addressing similar subjects, and the consequences of a given interpretation. ARD is a "diversionary program," *PennDOT v. McCafferty*, 758 A.2d 1155, 1162 (Pa. 2000), but it shares the same goals as the criminal justice system: the "protection of the public and/or the rehabilitation of the defendant." *Commonwealth v. Darkow*, 626 A.2d 1173, 1176 (Pa. Super. 1993). The General Assembly decided as a policy matter that the mischief of drunk driving should be considered, in most cases, for resolution via ARD. This in no way diminishes the potential harm caused by drunk drivers. It simply reflects a

judgment that "an intensive process involving personal assessments, safety classes, and addiction treatment if necessary, all under court supervision" can be the best tool for rehabilitation. *Whalen v. PennDOT*, 32 A.3d 677, 684 (Pa. 2011). A decision to offer ARD represents the Commonwealth's determination "that a particular case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program." *Lutz*, 495 A.2d at 933. The prosecutor must decide "that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program." *Id.*

The trial court, however, is not a passive participant in these cases. Judges "are not to serve as mere rubber stamps approving all Commonwealth motions for admission to the program. Though our rules exclude the courts from any role in the initiation of ARD proceedings, they provide the judiciary with significant responsibilities once those proceedings are underway." *Commonwealth v. Ayers*, 525 A.2d 804, 806 (Pa. Super. 1987). We have thus described ARD as "a joint effort between the prosecutor and the trial court." *Commonwealth v. Pypiak*, 728 A.2d 970, 972 (Pa. Super. 1999).

Further, the language focusing on the offender's prospects for rehabilitation largely mirrors the fundamental task exercised by a trial judge in fashioning an appropriate sentence following conviction. *See Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) ("The sentence imposed should be consistent with the need to protect the public and

the rehabilitative needs of the defendant."). "In effect, admission into [ARD] places the criminal proceedings in abeyance, subject to being reactivated under certain conditions," making ARD an alternative to the normal conviction/sentencing scheme that would otherwise apply. ***Commonwealth v. Krall***, 434 A.2d 99, 101 (Pa. Super. 1981).

Whether "certain conditions" warrant the resumption of criminal proceedings in the ARD context is analogous to a trial court's determination that probation, when used as an alternative to incarceration, is no longer adequately serving its rehabilitative function. In fact, our Supreme Court has allowed ARD conditions to include those imposed for a sentence of probation. ***See*** Pa.R.Crim.P. 316(A) ("The conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restitution, except that a fine may not be imposed.").

As ARD conditions are functionally equivalent to probationary conditions imposed as part of a judgment of sentence, this is a strong indication that the General Assembly intended for the trial court to retain its traditional role of determining whether a violation warrants termination. Section 9771 of the Sentencing Code governs the modification or revocation of probation orders, and its "general rule" states:

> The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.

- 15 -

42 Pa.C.S. § 9771(a). If the trial court elects to revoke probation, subject to certain statutory limitations, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771(b). As this Court has explained, "when a probation violation is present, revocation is not automatic. Rather, the focus must remain on whether probation can still be an effective tool for rehabilitation." **Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007).

Modifying this principle for ARD, the focus is on whether ARD still best serves the offender's rehabilitative needs notwithstanding the violation. As the General Assembly has provided in the context of a violation of probation, we conclude that it intended for a trial court to retain its discretion to select the appropriate consequence when an ARD participant violates a court condition, especially if the violation concerns a condition that the court imposed on its own volition as part of the "joint effort" to rehabilitate Worzel.

For similar reasons, we further conclude that the General Assembly did not intend the consequences of the Commonwealth's interpretation. The Commonwealth's interpretation treats **any** violation of a condition of ARD as requiring termination, regardless of its nature or the surrounding circumstances. Obviously, not all violations are alike. The condition at issue in the case at bar would be violated by Worzel having dinner at a restaurant serving alcohol, sampling a friend's drink that she did not realize contained alcohol, or intentionally drinking alcohol to the point of hospitalization. The

Commonwealth's interpretation would require the trial court to treat each of these violations the same and terminate Worzel's participation in ARD upon any happening. As our above discussion reflects, however, the trial court is best suited to determine whether a particular violation is so serious that the offender should be removed from the program; the Commonwealth's argument presumes that the General Assembly intended for its judgment of the severity of the violation to override the trial court's contrary view. *Cf. Commonwealth v. Prince,* 320 A.3d 698, 705 (Pa. Super. 2024) (Concluding that a trial court is not bound by a drug and alcohol evaluator's assessment of whether a DUI offender needs further treatment: "It would be highly unusual for the General Assembly to delegate the determination of whether an offender requires additional treatment to a non-judicial actor."). We therefore conclude that Worzel's interpretation better reflects legislative intent.

We note that our interpretation does not render superfluous the General Assembly's use of the word "shall." Had the General Assembly alternatively stated that a trial judge "may direct the attorney for the Commonwealth to proceed on the charges" in accordance with our procedural rules, this would raise the question of whether the trial court could simply hold the prosecution in abeyance indefinitely after terminating ARD. Use of the word "shall" makes clear that the judge must order the Commonwealth to refile charges if the judge also determines, consistent with the discretionary language of Rule 318,

that termination of the defendant from ARD is an appropriate consequence for the violation.

Having concluded that the trial court had the discretion to extend Worzel's supervisory period and was not required to terminate her participation in ARD, we now turn to the Commonwealth's second issue. The Commonwealth argues that the trial court erred in ordering it to file a petition to expunge Worzel's record.

Expungement of a defendant's record following the successful completion of ARD is governed by Rule 320 of the Pennsylvania Rules of Criminal Procedure. It provides:

> (A) When the judge orders the dismissal of the charges against the defendant, the judge also shall order the expungement of the defendant's arrest record, subject to the provisions of paragraph (B). The expungement order shall contain the same information that is required in Rule 490(C) in summary cases and Rule 790(C) in court cases.
>
> (B) If the attorney for the Commonwealth objects to the automatic expungement, the objections shall be filed with the judge, together with the objections to dismissal, if any, within 30 days after service of a motion for dismissal under Rule 319, and copies of the objections shall be served on the defendant or the defendant's attorney.
>
> (C) If the objections are filed, the judge shall hold a hearing on the objections, affording all parties an opportunity to be heard.

Pa.R.Crim.P. 320. Additionally, the comment to Rule 319 recognizes, "In some counties, court agencies or the district attorney's office have procedures for initiating the dismissal of the charges upon the defendant's successful

completion of the program. This rule is not intended to preclude these procedures." Pa.R.Crim.P. 319, Comment.

In its 1925(a) opinion, the trial court explains that in Pike County, "the Office of the District Attorney customarily initiates the dismissal of charges upon successful completion of the ARD program." Trial Court Opinion, 11/7/2023, at 7. The trial court thus contends that its order requiring the Commonwealth to file a petition to expunge Worzel's record was an order for the case to proceed along its typical course and "in accord with Rules 319 and 320." *Id.*

Our review of Rule 320 does not support the trial court's interpretation. The plain language of Rule 320(A) provides that at the time the trial court orders the dismissal of the defendant's charges, it also must order the expungement of the defendant's arrest record. *See* Pa.R.Crim.P. 320(A). Expungement following dismissal of the charges is to be "automatic." Pa.R.Crim.P. 320(B). To the extent Rule 320(A) leaves open the question of whether a judge's power to order expungement encompasses ordering the Commonwealth to file an expungement petition, Rule 320(B) forecloses that notion as it specifically allows the Commonwealth to object to the automatic expungement procedure. We therefore strike that portion of the trial court's order and remand for the trial court to enter an order in compliance with Rule 320.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2024